## 35795. FAYETTE COUNTY v. SEAGRAVES.

MARSHALL, Justice.

In 1971, the appellant-plaintiff, Fayette County, enacted the Fayette County Zoning Ordinance, placing the property in the county under various zoning restrictions. Property owned by the appellee-defendant, Seagraves, was zoned Agricultural-Residential (A-R). The use of mobile homes is prohibited in such zoning districts. See *Matthews v. Fayette County,* 233 Ga. 220 (210 SE2d 758) (1974). The defendant had used two mobile homes on his property for many years prior to passage of the county zoning ordinance. Therefore, the defendant's mobile homes constituted legal, nonconforming uses. See Code Ann. § 69-1208 (Ga. L. 1957, pp. 420, 426); Fayette County Zoning Ordinance, § 8-3. (Sections of the Fayette County Zoning Ordinance will be referred to hereafter by section number only.)

In 1978, one of the defendant's mobile homes was destroyed by fire. Although the Zoning Board of Appeals of Fayette County denied the defendant a permit, he put up another mobile home on his property. The county then brought this suit for an interlocutory and permanent injunction. The superior court denied both and the county appeals.

Where a structure containing a nonconforming use has been "razed or damaged by fire, flood, wind or Act of God," county zoning ordinances permit such structure to be reconstructed "if the damage totals less than seventy-five percent (75%) of the value of the structure." § 8-5. The term "structure" is defined as, "[a]nything constructed or erected with a fixed location on or in the ground, or attached to something having a fixed location on the ground. Among other things, structures include buildings, mobile homes, signs, swimming pools, and fall-

out shelters, but does [sic] not include walls or fences." § 2-37. County zoning ordinances also define "mobile home" as, "a detached dwelling unit built upon a chassis and designed for transportation, after fabrication, not otherwise in compliance with the building code of Fayette County, on streets or highways on its own wheels, on a flatbed or other trailer and arriving at the site where it is to be occupied as a dwelling, complete and ready for occupancy except for minor and incidental unpacking operation, location on jacks or other temporary and/or permanent foundations, connection to utilities and the like." § 2-37.1.

At the hearing on the application for interlocutory injunction, the defendant testified that the mobile home had been destroyed by fire and that it had a value of approximately $400; however, a septic tank, well pump, and utility connections — some of which were new — have a value of approximately $700. These latter items were not destroyed by the fire.

After conducting a hearing on the county's petition for interlocutory injunction, the superior court ruled that the term "structure," as used in the county zoning ordinance, is broad enough to include not only the mobile home, but also the septic tank, well pump, and utility connections attached to the mobile home. Since, under the evidence submitted, the damage to the structure did not exceed 75% of its value, the superior court held that the defendant could continue to use the new mobile home on his property as a legal, nonconforming use. The superior court entered an order finding that the defendant had not violated the county zoning ordinance and denying the county's petition for a permanent injunction. *Held:*

1. We affirm the superior court's ruling that the language of the county zoning ordinance is broad enough to include within the term "structure" those adjunctive items attached thereto. Georgia follows a majority of states in holding that zoning ordinances should be strictly construed in favor of the property owner, and ambiguities in the language of zoning ordinances should be resolved in favor of the free use of property. "Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of

the common law, they must be strictly construed and never extended beyond their plain and explicit terms. *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117), and citations." *Duncan v. Entrekin,* 211 Ga. 311, 312 (85 SE2d 771) (1955). See generally 82 AmJur2d 495, Zoning and Planning, §§ 66-68 (1976).

2. Although we hold that the superior court did not abuse its discretion in denying the interlocutory injunction, we do find it necessary to reverse the superior court's denial of permanent injunctive relief to the county. "A trial court can grant an interlocutory injunction to preserve the status quo but cannot make a final determination of the issues at the interlocutory hearing unless there is a consolidated hearing as authorized by Code Ann. § 81A-165(a)(2). See *Ga. Loan &c. Co v. Dyer,* 233 Ga. 957, 958 (213 SE2d 864) (1975)." *Miller v. Wells,* 235 Ga. 411, 417 (219 SE2d 751) (1975). In this case, the superior court did not order the hearing on the interlocutory injunction consolidated with the trial of the action on the permanent injunction. The superior court's ruling on the question of a permanent injunction was premature, because there are still issues to be decided concerning the relative value of the mobile home that was destroyed vis-a-vis the septic tank, well pump, and utility connections that were not destroyed. The final resolution of these issues will determine whether the damage totaled less than 75% of the value of the structure and, thus, whether the new mobile home put up by the defendant retains its status as a legal, nonconforming use.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan, J., who concurs in Division 1 and dissents as to Division 2 and the judgment.*

SUBMITTED JANUARY 22, 1980 — DECIDED FEBRUARY 5, 1980.

*Glaze, McNally & Glaze, William R. McNally, Charles B. Graham, Jr.,* for appellant.
*Robert A. Blackwood, III,* for appellee.