## 39334. CITY OF CORDELE et al. v. HILL et al.

WELTNER, Justice.

The sole question here is whether or not Mrs. Tanner's dwelling is a "mobile home" within the meaning of the following ordinance enacted by the City of Cordele: "A Mobile Home is a detached, single-family dwelling unit designed for long-term occupancy; designed to be transported after fabrication on its own wheels, arriving at the site where it is to be occupied as a dwelling unit complete, usually including appliances and furniture and ready for occupancy."

The evidence shows without contradiction that the dwelling was fabricated in two separate units, which arrived on the lot in separate units, and that neither unit was designed to be occupied as a dwelling independently of the other, but to the contrary, the two units were designed to be joined together.

The rule of construction in this state is that of the majority of states, that "zoning ordinances should be strictly construed in favor of the property owner, and ambiguities in the language of zoning ordinances should be resolved in favor of the free use of property." *Fayette County v. Seagraves,* 245 Ga. 196, 197 (264 SE2d 13) (1980). Accordingly, inasmuch as the structure was not designed to arrive "at the site where it is to be occupied as a dwelling unit *complete,*"

(emphasis added), it is without the ambit of the ordinance, and issuance of the injunction by the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Hill, C. J., Marshall, P. J., and Gregory, J., who dissent.*

DECIDED FEBRUARY 24, 1983.

*Roberts, Roberts & Rainwater, Guy Velpoe Roberts, Jr., Edwin T. Cotton,* for appellants.

*Davis, Pridgen & Jones, John C. Pridgen,* for appellees.

HILL, Chief Justice, dissenting.

"The cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209) (1950); *City of Jesup v. Bennett,* 226 Ga. 606, 608 (176 SE2d 81) (1970); OCGA § 1-3-1(a) (Code Ann. § 102-102).

The legislative intent in enactment of the city's "mobile home" ordinance clearly was to prohibit the use of mobile homes as residences within the city. This the city presumably has the authority to do, as no attack is made upon the validity of the ordinance. We deal here solely with its construction.

The majority find that the City of Cordele has not accomplished its clearly intended purpose of excluding mobile homes from use as city dwellings. Possibly, when the ordinance was enacted the city did not know that manufacturers would make that which the city sought to exclude, twice as big.

Under the majority's interpretation, a person could take a "single wide" mobile home, cut it in two from end to end, deliver each half to the lot separately, and avoid the ordinance.

The majority interprets the statute so that the word "complete" modifies the phrase "arriving at the site." In accord with the cardinal rule of construction, I would find that the word "complete" modifies the words "dwelling unit," thereby giving the ordinance the construction which will effectuate the clear legislative intent and purpose.

I am authorized to state that Presiding Justice Marshall and Justice Gregory join in this dissent.