41396. BOARD OF COMMISSIONERS OF HENRY COUNTY et al. v. WELCH.
(324 SE2d 178)

BELL, Justice.

This appeal concerns the proper interpretation of certain zoning ordinances enacted by appellant Henry County Board of Commissioners. Appellee James Welch owns a tract of land in Henry County. In June 1983 he applied for a building permit to erect a residential structure on the tract, but the permit was denied by the Zoning Administrator and Chief Building Inspector. Welch appealed to the County Board of Zoning Appeals. The Board of Appeals denied the appeal, for the reason that Welch's tract was zoned "R-100," and that

his planned structure fell 50 square feet short of the requirement in § 5-2 of the 1978 Henry County Zoning Ordinance that residential structures within the R-100 zone contain a minimum of 1200 square feet. Welch filed a complaint in superior court naming the Board of Commissioners, the Board of Zoning Appeals (the individual county commissioners also constitute the Board of Zoning Appeals), and the members of the two boards in their official statuses and individually, seeking a mandatory injunction for issuance of the building permit. He alleged that § 5-2 was unconstitutional because, inter alia, it bore no substantial relation to the public health, safety, morals or general welfare of the community, and was arbitrary and unreasonable. He also alleged that § 5-2 was repealed by § 14-3 of the current zoning ordinance, adopted in 1982, and no longer exists.

The superior court held an evidentiary hearing, and entered a final judgment ordering the issuance of the building permit. In support of its ruling the court found that the zoning map of Henry County indicated that Welch's land was located in a R-100 zoning district, and that the last ordinances with a R-100 zoning district were adopted in 1978. The court further found that the zoning ordinance currently in effect repealed all previous ordinances, and did not include a zoning district designated as R-100. The court concluded that, accordingly, Welch's tract of land was not within any lawfully adopted zoning district. The court declined to address Welch's constitutional allegations, finding that in view of its statutory construction of the zoning ordinance, it was not necessary to consider the former. Defendants appeal. We reverse, with directions.

1. Appellants argue that the superior court's conclusion that the R-100 classification no longer exists was based upon a misconstruction of the Henry County zoning ordinances. We agree.

"The rule of construction in this state is that of the majority of states, that 'zoning ordinances should be strictly construed in favor of the property owner, and ambiguities in the language of zoning ordinances should be resolved in favor of the free use of property.' *Fayette County v. Seagraves*, 245 Ga. 196, 197 (264 SE2d 13) (1980)." *City of Cordele v. Hill*, 250 Ga. 628, 629 (300 SE2d 161) (1983). At the same time, "[w]e give local ordinances a reasonable construction where possible. . . ." *Warshaw v. City of Atlanta*, 250 Ga. 535, 537 (299 SE2d 552) (1983). Sec. 14-3 of Henry County's current zoning ordinance provides that "[a]ll previous ordinances of Henry County are hereby repealed. All other ordinances or regulations not specifically in conflict herewith are hereby continued in force and effect, but all such ordinances or parts of ordinances in conflict herewith are hereby repealed." The Preamble and Enactment Clause of the ordinance, § 1-1, states that the zoning ordinances were enacted "for the purpose of promoting the health, safety, morals, convenience, order,

prosperity, or general welfare. . . and *in accordance with a comprehensive plan. . . ."* (Emphasis supplied.) Sec. 1-3 provides that "[t]hese regulations shall govern the use of *all land* and the development thereof within [Henry County]." (Emphasis supplied.) The superior court based its ruling on the first sentence of § 14-3, but we find that ruling, which operates to denude certain areas of the county of any zoning classification, to be clearly unreasonable. Instead, the most reasonable construction of § 14-3, considered as a whole and in pari materia with §§ 1-1 and 1-3, is that the Board of Commissioners intended to create a comprehensive plan which retained existing R-100 designations. The superior court erred in concluding to the contrary and issuing an injunction.

2. In light of our reversal of the superior court's ruling on the question of statutory construction, we remand this case and direct the court to address the constitutional issues raised by appellee, and enter judgment thereon. See OCGA § 9-11-52.

3. During oral arguments before this court, counsel for appellee was questioned about whether his client had ever received any oral assurances from county officials concerning the issuance of a building permit. See *Barker v. County of Forsyth*, 248 Ga. 73 (281 SE2d 549) (1981). Counsel responded that his client had expended personal effort and money to move the residential structure to his lot and prepare it for occupation, in reliance upon certain oral assurances that installation of the building would be subsequently approved.

The immediate issue raised by this allegation is whether we should proceed at this time to determine the applicability *vel non* of *Barker*. We decide in the negative. Our inspection of the record in this case reveals that, although there was conflicting testimony going to whether Welch received oral assurances upon which he detrimentally relied, Welch's counsel neither raised the *Barker* issue in his pleadings, nor argued it at trial. Therefore, inasmuch as there are factual issues on this point which the superior court has not yet been afforded the chance to address, we will not consider it. However, since the question has now been brought to the parties' attention, we anticipate that appellee may attempt to raise it upon remand. In that event, we note, in the interest of judicial economy, that our decision today is the law of the case solely as to the issue of statutory construction, and should not be construed as barring appellee from amending his complaint to include a *Barker* claim.

*Judgment reversed with directions. Hill, C. J., Marshall, P. J., and Judge James E. Findley concur. Clarke, Smith, and Gregory, JJ., dissent. Weltner, J., disqualified.*

DECIDED JANUARY 7, 1985.

*Philip T. Keen, John Tye Ferguson,* for appellants.
*R. Alex Crumbley,* for appellee.

GREGORY, Justice, dissenting.

I dissent from the judgment of reversal and the rationale contained in Divisions 1 and 2 of the majority opinion. I believe the trial court was correct in construing the current zoning ordinance as repealing all previous ordinances. I would thus hold that appellee's land was not zoned. This I believe we are required to do in order to follow the rule that zoning ordinances should be strictly construed in favor of property owners. And, as the majority points out, ambiguities in the language of zoning ordinances should be resolved in favor of the free use of property. *Fayette County v. Seagraves,* 245 Ga. 196, 197 (264 SE2d 13) (1980); *City of Cordele v. Hill,* 250 Ga. 628, 629 (300 SE2d 161) (1983).

I am authorized to state that Justice Clarke and Justice Smith join in this dissent.