43171. CAIN et al. v. TOWN OF SPARKS et al.
(348 SE2d 645)

SMITH, Justice.

The Cook County Superior Court denied a petition for mandamus filed by the appellants, Joseph and Joann Cain, which requested the court to require the Town of Sparks to issue a permit allowing the Cains to maintain a mobile home on a lot that they owned in Sparks. The Cains raise six issues on appeal.[1] We reverse.

The Cains purchased a mobile home that they planned to place on a lot that they owned in Sparks as a rental unit. The town clerk denied the Cains' request for a permit to park the mobile home on the lot, and the Cains subsequently received a citation for parking a mobile home in the town without permission. The mayor and the town council based their decision to deny the permit upon Section 6-2-2 of the Book of Ordinances for the Town of Sparks.[2]

1. The appellants contend that Section 6-2-2 does not apply to

---

[1] The Cains challenge the constitutionality of the ordinance involved here, therein vesting jurisdiction in this Court.

[2] On August 13, 1984, the town council adopted an ordinance similar to Section 6-2-2 which applies explicitly to mobile homes.

mobile homes.

Section 6-2-2 reads, "No building shall be erected in the town for use as a residence nearer than 10 feet from the boundary of the lot upon which it is erected; and no residence shall be erected on a lot of less than 10,000 feet in area, or with a width of less than 80 feet." Black's Law Dictionary (5th ed. 1979) defines the process of erection as follows: "Raising up; building; . . . to build; construct; set up. . . ." The Cains have raised a plausible argument that placing a mobile home on a lot does not, under the above definition, amount to erecting a mobile home on the lot. Construing this ambiguous statute in favor of the property owner, *Bd. of Commrs. of Henry County v. Welch*, 253 Ga. 682, 683 (324 SE2d 178) (1985), we find that the Cains have not "erected" a mobile home on their lot, and that Section 6-2-2 does not apply to their action.

2. Since the Cains have undergone the proper procedures necessary to acquire a permit for parking their mobile home on their lot, and the town has raised no valid reason for denial of the permit, the trial court should have granted the Cains' petition for mandamus. OCGA § 9-6-20.

*Judgment reversed. All the Justices concur, except Weltner, J., who dissents.*

DECIDED OCTOBER 8, 1986.

*Jack W. Carter*, for appellants.
*Thomas & McClain, Howard E. McClain*, for appellees.