### Evans v. Lakeview
*[Cite as 2 AOA 137]*

*Case No. 8-88-18*
*Logan County, (3rd)*
*Decided March 28, 1990*

*R.C. 713.10*
*R.C. 731.22*
*Civ. R. 56*

*Messrs. Elsass, Schmitt, Wallace & Co., L.P.A., Mr. Stanley R., Evans, Mr. Louis M. Best, Attorneys at Law, P.O. Box 499, 101 S. Ohio Avenue, Sidney, Ohio 45365, For Appellants.*

*Messrs. MacGillivray & Heaton, Mr. Douglas MacGillivray, Attorney at Law, 325 North Main Street, Bellefontaine, Ohio 43311, For Appellees, Frank W. Evans, et al.*

*Mr. Chris Schrader, Attorney at Law; P.O. Box 246, Lakeview, Ohio 43331, For Appellees, Village of Lakeview, et al.*

SHAW, P.J.

Defendants-appellants, Rex Barnes and C. Joan Barnes, appeal from a decision entered in the Court of Common Pleas of Logan County granting summary judgment in favor of plaintiffs-appellees, Frank W. Evans, et al. and thereby declaring Village of Lakeview Ordinance No. 86-3 to be invalid.

In 1985, defendants petitioned the Village of Lakeviwe to rezone a 2.25 acre tract of land, which defendants owned, from an R-1 single family district, to an R-3 multi-family district. The petition was referred to the Village Board of Zoning Appeals, which subsequently submitted the matter to the village council.

On December 12, 1985, council gave published notice, in the Bellefontaine Examiner, of a public hearing scheduled to convene on January 16, 1986 regarding defendants' petition. The minutes of council's January 16, 1986 meeting are captioned "Special Zoning Meeting". The minutes of the January 16 meeting reflect that defendants' petition was the subject of the meeting.

On March 17, 1986, upon its third reading in regularly scheduled council meetings, council passed Ordinance No. 86-3 rezoning defendants' property from an R-1 classification to an R-3 classification. Thereafter, referendum was filed requesting that Ordinance No. 86-3 be repealed. The referendum was submitted at the next general election and was defeated.

In May 1987, plaintiffs filed the instant complaint against the Village of Lakeview, Village of Lakeview Zoning Inspector Donald Skeels and the defendants-appellants, Rex Barnes and C. Joan Barnes. The complaint alleges that the enactment of Ordinance No. 86-3 was procedurally defective because the proposed ordinance was not submitted to the Village of Lakeview Planning Commission prior to referral to council and also because council failed to convene a public hearing concerning the proposed ordinance. Plaintiffs sought to temporarily enjoin Rex Barnes and C. Joan Barnes from using the property in any way not permitted under R-1 zoning and to have Ordinance No. 86-3 declared invalid.

In July 1987, plaintiffs' request for a temporary restraining order was denied. Subsequently, defendants, Village of Lakewview, Donald Skeels, Rex Barnes and C. Joan Barnes, filed a joint motion for summary judgment. In support of their motion for summary judgment, defendants filed affidavits and evidentiary materials that allegedly establish the procedural regularity in council's enactment of Ordinance No. 86-3. Plaintiffs responded to the motion for summary judgment with a memorandum. However, no supporting affidavits or other evidentiary material accompanied the memorandum.

On June 27, 1988, the trial court entered judgment denying defendants' motion for summary judgment. However, citing the failure of the village council to comply with the notice provisions of R.C. 731.22, the trial court *sua sponte* entered summary judgment in favor of the plaintiffs. The judgment entry is silent as regards the issues raised by the pleadings, the

motion for summary judgment and the response thereto.

Village of Lakeview and Donald Skeels did not appeal from the judgment. Defendants, Rex Barnes and C. Joan Barnes, appeal and assign four errors to the judgment. We will first consider defendants' second and third assignments, followed by their fourth assignment and then their first assignment.

Defendants' second and third assignments of error, which will be considered together, are as follows:

"THE TRIAL COURT ERRED BY APPLYING THE GENERAL PROVISIONS OF OHIO REVISED CODE 731.22 OVER THE SPECIFIC REQUIREMENTS OF OHIO REVISED CODE SECTION 713.12."

"THE TRIAL COURT ERRED BY NOT APPLYING THE LOCAL ORDINANCE REGARDING THE TYPE OF NOTICE REQUIRED FOR PUBLIC HEARING."

R.C. 713.12 provides in pertinent part:

"Before any ordinance, measure, regulation, or amendments thereto, authorized by sections 713.07 to 713.11 [the reference is to the zoning and districting statutes], inclusive, of the Revised Code may be passed the legislative authority of the municipal corporation shall hold a public hearing thereon, and shall give at least thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipal corporation. * * *"

R.C. 731.22(B) provides that notices required by law or ordinance, to be published, shall be published "not less than two nor more than four consecutive weeks."

Plaintiffs argue that the provisions of R.C. 731.22 relative to the number of times any public notice of a general nature must be given are mandatory. Defendants, on the other hand, argue that they are bound only by R.C. 713.12 which addresses the notice of public hearing to be given in the enactment of zoning ordinances. Furthermore, defendants argue that inasmuch as the local village ordinance regarding notice of public hearing is not inconsistent with R.C. 713.12, the trial court was bound by the notice provisions of the local ordinance. For the reasons that follow, we sustain defendants' second and third assignments of error.

We first note that plaintiffs and defendants have conceded in their respective appellate briefs that the Village of Lakeview is a noncharter municipal corporation. Therefore the provisions of R.C. 713.01 *et seq.* setting forth the procedure to enact or amend zoning ordinances are mandatory upon the village. *Morris* v. *Roseman* (1954), 162 Ohio St. 447 and *Wintersville* v. *Argo Sales Co.* (1973), 35 Ohio St. 2d 148.

In considering the issues presented under these assignments of error, we are guided by the following language contained in the case *Wintersville, supra* at 153:

"Obviously, the witness was testifying about posting the ordinance in compliance with the provisions of R.C. 731.25 * * *, which refers to adoption of ordinances and resolutions of a general nature. However, in this case we are concerned with a *zoning ordinance*, which is specifically covered by R.C. 713.12 and, as pointed out above, the provisions of R.C. 713.12 must be followed in the enactment of zoning legislation by a noncharter village. If those provisions are not followed, then the zoning ordinance adopted is ineffective and invalid."

In the case before us, the general notice provisions of R.C. 731.22 require a minimum publication of two consecutive weeks, while R.C. 713.12 requires that, in enacting zoning legislation, a municipal corporation convene a public hearing preceded by thirty days' notice. Thus, compliance with the minimal notice provisions under R.C. 731.22 does not necessarily ensure compliance with the notice provisions of R.C. 713.12.

The previously quoted language from *Wintersville, supra* leads us to conclude that it is the fact of compliance or noncompliance with R.C. 713.12, rather than a general statute such as R.C. 731.22, that governs the validity of a noncharter village zoning ordinance. We therefore find that, in this case, the publication of notice on December 12, 1985, announcing a public hearing to be convened on January 16, 1986, met the notice provisions of R.C. 713.12, as well as the identical notice provisions of the local ordinance. Accordingly, the second and third assignments of error are well taken.

Defendant's fourth assignment of error is that:

"THE TRIAL COURT ERRED BY NOT GRANTING APPELLANTS' MOTION FOR SUMMARY JUDGMENT."

R. C. 713.10 provides in pertinent part as follows:

"The legislative authority of such municipal corporation may amend or change the number, shape, area, or regulations of or within any district, *but no such amendment or change shall become effective unless the ordinance proposing it is first submitted to the planning commission, board, or officer for approval, disapproval, or*

*suggestions and the commission, board, or officer is allowed a reasonable time, not less than thirty days, for consideration and report."* (Emphasis added.)

R.C. 713.12, which has been set forth under the preceding assignments, requires that a public hearing be held regarding any proposed zoning ordinance amendment. The issues raised by the pleadings in this case and which subsequently were addressed by defendants' motion for summary judgment are: (1) whether the proposed ordinance rezoning defendants' property was submitted to the village planning commission prior to referral to village council ; and (2) whether the public hearing requirement of R.C. 713.12 was satisfied.

As regards the public hearing requirement, the evidence presented upon defendants' motion for summary judgment shows that council convened a "Special Zoning Meeting" on January 16, 1986. The subject of the meeting was proposed zoning Ordinance No. 86-3. The minutes of the meeting reflect that anyone who was in attendance at the hearing and who desired to be heard on that occasion was in fact heard.

Plaintiffs have not set forth any specific facts or presented any evidentiary materials to rebut defendants' evidence regarding compliance with R.C. 713.12. We therefore conclude that there is no genuine issue of fact as to whether the January 16, 1986 meeting was convened and conducted in compliance with R.C. 713.12.

However, despite our conclusions reached under the preceding assignments of error, we nevertheless find that, upon the present state of the record, a genuine issue of fact exists which precludes summary judgment in favor of defendants.

Pursuant to the provisions of R.C. 713.10, a noncharter village council is granted authority to establish a village planning commission. The grant of authority contained in the statute is permissive in nature. However, in the event a planning commission is established, R.C. 713.11 mandates that any zoning ordinance amendment must be submitted to the planning commission prior to submission to council.

In the case before us, the Village of Lakeview established a planning commission. Consistent with R.C. 713.11, Art. V, Sec. 511 of the village zoning ordinance provides that the planning commission shall "[r]eview all proposed amendments to this ordinance and make recommendations to the Village Council * * *." The cited section of the local zoning ordinance

was attached as part of defendants' motion for summary judgment.

However, defendants also submitted an affidavit of the mayor of the village wherein he states that "* * * the Village of Lakeview does not have a planning commission, but the powers of said planning commission were delegated to the zoning board." There is no evidence in the record of any village legislation either abolishing the planning commission or delegating its powers to the zoning board.

Upon consideration of the evidence, we find that unresolved issues of material fact remain regarding whether the planning commission of the village has been abolished by legislative action. If so, the inquiry ceases and summary judgment in favor of defendants would be appropriate. However, in the event the abolition of the planning commission and delegation of its duties were accomplished by any means other than legislative action, it would appear that Ordinance 86-3 was enacted in violation of both the local zoning ordinance and R.C. 713.11.

For these reasons, defendants' fourth assignment of error is not well taken. The matter will be remanded to the trial court for further proceedings to determine the legal status of the Village of Lakeview Planning Commission.

Defendants' first assignment of error is that:

"THE TRIAL COURT ERRED BY THE GRANTING SUMMARY JUDGMENT TO APPELLEES, A NON-MOVING PARTY."

In *State, ex rel. Cuyahoga Cty. Hosp.* v. *Bur. of Workers' Comp.* (1986), 27 Ohio St. 3d 25, 28, the Supreme Court of Ohio held as follows:

"Civ. R. 56(C) provides that summary judgment shall be rendered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Inland Refuse Transfer Co.* v. *Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321. Where, as here, the facts are not contested, there is no issue of fact and a settlement of the legal questions will be determinative of the dispute. Cf. *Id.* While Civ. R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48, syllabus, an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to material fact exist, and the non-moving party any is entitled to judgment as a matter of law. [Citations omitted.]"

The holding in *Cuyahoga Cty. Hosp., supra* leads us to conclude that, contrary to defendants' general proposition, a trial court may grant summary in favor of a non-moving party, under the proper circumstances. Nevertheless, under assignments of error two and three we conclude that it was error to grant summary judgment to plaintiffs because of a purportedly insufficient notice of public hearing. Hence, we now find that plaintiffs, as non-moving parties, were not entitled to judgment as a matter of law as required by *Cuyahoga Cty. Hosp., supra.* Accordingly, defendants' first assignment of error is well taken.

For the reasons stated, the judgment of the trial court granting summary judgment in favor of plaintiffs is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed
and cause remanded.*

MILLER and EVANS, JJ., Concur.