S91A0748. HARRISON et al. v. CITY OF CLAYTON et al.
(407 SE2d 731)

BELL, Justice.

The sole issue in this appeal is whether the residential structure the appellants desire to place on their lot (hereafter the structure) is a mobile home within the meaning of the Zoning Ordinance of the City of Clayton (hereafter the zoning ordinance). The trial court concluded the structure is a mobile home, but we conclude it is not, and reverse.

The appellants own property in a single-family residential district in the City of Clayton. The zoning ordinance prohibits mobile homes in such districts. The appellants applied to the City for a building permit to put the structure on their lot, but the City denied the permit on the ground the structure is a mobile home. The appellants then filed a petition for mandamus in superior court to compel the City to issue the building permit. The appellants contended they had a right to the permit because the structure is not a mobile home and is thus not prohibited in single-family residential districts. The superior court ruled the structure is a mobile home and denied the appellants' petition for mandamus.

The zoning ordinance defines a mobile home as

[a] transportable structure, equipped or used for residential purposes, constructed to be towed *on its own chassis.* . . . [Emphasis supplied.] [Art. III, § 301 (20) of the zoning ordinance.]

As " 'zoning ordinances should be strictly construed in favor of the property owner,' " *City of Cordele v. Hill,* 250 Ga. 628 (300 SE2d 161) (1983) (quoting *Fayette County v. Seagraves,* 245 Ga. 196, 197 (264 SE2d 13) (1980)), and as the structure does not have its own chassis, we conclude the structure is not a mobile home within the meaning of the zoning ordinance.

*Judgment reversed. All the Justices concur.*

514

Huskins & Huskins, Donald W. Huskins, for appellants.

McClure, Ramsay & Dickerson, Allan R. Ramsay, for appellees.