MISHR, APPELLEE, *v.* BOARD OF ZONING APPEALS
OF VILLAGE OF POLAND, APPELLANT.

[Cite as *Mishr v. Poland Bd. of Zoning
Appeals* (1996), 76 Ohio St.3d 238.]

(No. 95–1616—Submitted June 4, 1996—Decided August 7, 1996.)

*Paul E. Stevens,* for appellee.

*Roth, Blair, Roberts, Strasfeld & Lodge* and *James E. Roberts;* and *Stuart J. Banks,* for appellant.

---

ALICE ROBIE RESNICK, J. The facts in this case are not disputed. The issue presented is whether, based on those specific facts, R.C. 731.19 operates to yield a conclusion that appellee's property is unzoned. For the reasons which follow, we find that appellee's property is not unzoned. We reverse the judgment of the court of appeals.

The court of appeals stated:

"By the language of R.C. 731.19, it was incumbent upon the Village of Poland to specifically refer to and revive the 1978 Ordinance in order to return the zoning designation of the property in question to its pre-May 15, 1990 state. The January 8, 1991 ordinance clearly does not contain any reference to the 1978 ordinance, nor does it contain the mandatory reviving language. Statutory procedures for enacting or amending zoning ordinances are mandatory upon villages that are not charter municipal corporations. *Evans v. Lakeview* (1990), 67 Ohio App.3d 117, 585 N.E.2d 1018.

"The only way the property in question could have been returned to the designation it had under the 1978 ordinance would have been for the repealing ordinance to contain language sufficient to revive that designation. As none exists, the trial court was correct in finding that the property is currently unzoned and that the requested building permit be issued."

We do not agree with the conclusion reached by the court of appeals.

It is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result. *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 384, 18 OBR 437, 439, 481 N.E.2d 632, 634; *Slater v. Cave* (1853), 3 Ohio St. 80, 83–84 ("[W]here the literal construction of a statute would lead to gross absurdity, or where, out of several acts touching the same subject matter, there arise collaterally any absurd consequences, manifestly contradictory to common reason, * * * provisions leading to collateral consequences of great absurdity or injustice, may be rejected * * *."). See, also, R.C. 1.47(C) ("In enacting a statute, it is presumed that * * * [a] just and reasonable result is intended.").

We find that the court of appeals' interpretation of R.C. 731.19 would yield an absurd result in this case. A finding that appellee's property is unzoned, when the village council clearly intended that it revert to the zoning that was in place before Ordinance No. 846–90 was adopted, would allow a legal technicality to frustrate the very essence of the village's comprehensive zoning plan. In *Union Oil Co. v. Worthington* (1980), 62 Ohio St.2d 263, 16 O.O.3d 315, 405 N.E.2d 277, this court indicated that when a court invalidates the zoning of a particular property which is within an area covered by a comprehensive zoning plan, the courts should strive to avoid a determination that the property is unzoned.

We are in accord with the reasoning of the Supreme Court of Georgia in *Bd. of Commrs. of Henry Cty. v. Welch* (1985), 253 Ga. 682, 324 S.E.2d 178, involving a situation similar to this one, in which a lower court had held that a parcel of property was unzoned because a county had repealed the zoning on the property without specifying a new zoning in its place. The Supreme Court of Georgia found the lower court ruling, which operated "to denude certain areas of the

county of any zoning classification, to be clearly unreasonable" and determined that the property remained in the previous zoning classification. *Id.,* 253 Ga. at 684, 324 S.E.2d at 180.

We acknowledge that zoning ordinances should be construed in favor of the property owner. See *In re Univ. Circle, Inc.* (1978), 56 Ohio St.2d 180, 184, 10 O.O.3d 346, 348, 383 N.E.2d 139, 141. We further acknowledge that the village council should have specifically revived the affected section of the 1978 ordinance by restating the language of that section when it adopted the repealing ordinance. However, the failure to do so is not fatal to appellant's case, since no rule of construction can guide an inquiry when that rule of construction yields an absurd and unreasonable result.

Appellee's property is not unzoned. The judgment of the court of appeals is reversed. The decision of the board that appellee's property is zoned Professional Office and Service is reinstated.

*Judgment reversed.*

DOUGLAS, F.E. SWEENEY and STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

COOK, J., dissenting. I agree with the conclusion of the court of appeals as recited in the majority opinion, and therefore respectfully dissent.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.