[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 238.]

MISHR, APPELLEE, *v.* BOARD OF ZONING APPEALS OF VILLAGE OF POLAND, APPELLANT.

[Cite as *Mishr v. Poland Bd. of Zoning Appeals*, 1996-Ohio-400.]

*Municipal corporation—Ordinance changing zoning designation repealed— Repealing ordinance does not specifically provide that property is to return to previous zoning designation as required by R.C. 731.19— Property reverts to previous zoning classification.*

(No. 95-1616—Submitted June 4, 1996—Decided August 7, 1996.)

APPEAL from the Court of Appeals for Mahoning County, No. 93 C.A. 234.

_____

{¶ 1} The Council of the Village of Poland, Ohio, in 1978 adopted a comprehensive zoning ordinance for the entire village. Plaintiff-appellee, Suman K. Mishr, applied to have the zoning of his property changed from the "Professional Office and Service District" designation into the "Village Center Commercial District" designation. On May 15, 1990, the village council adopted Ordinance No. 846-90, and rezoned appellee's property as requested by amending its zoning ordinance.

{¶ 2} On January 8, 1991, the village council adopted Ordinance No. 850-91, which repealed Ordinance No. 846-90. The repealing ordinance did not specifically provide that the property was to return to the Professional Office and Service classification.

{¶ 3} On August 27, 1992, appellee applied for a village zoning permit to build a professional and retail center on his property. Appellee completed the blank space on the permit application pertaining to the zoning district of the property by stating that the property was located in an "Unzoned District." On August 31, 1992, the village zoning administrator sent appellee a letter informing him that his zoning

permit was denied, and stating that the property was not unzoned, but rather was zoned "Professional Office and Service District."

{¶ 4} Appellee appealed to defendant-appellant, the Poland Board of Zoning Appeals, and explained his argument supporting his conclusion that the property was unzoned at a meeting of the board. Appellee's argument centered on R.C. 731.19, which provides in part that "[n]o bylaw or ordinance, or section thereof, shall be revived or amended, unless the new bylaw or ordinance contains the entire bylaw, *** ordinance, or section revived or amended, and the bylaw, ordinance, or section so amended shall be repealed." Appellee contended that the failure of the repealing ordinance to contain, in the ordinance itself, the section of the previous ordinance establishing the Professional Office and Service designation meant that R.C. 731.19 was not satisfied, and that therefore the previous zoning on the property was not revived. Appellee further contended that the repealing ordinance had unequivocally removed the property from the Village Center Commercial designation, so that the property was not in that classification either. Appellee reasoned that since the property was not in either classification, it must be unzoned. The board rejected appellee's argument, determined that the property was zoned Professional Office and Service, and denied the appeal.

{¶ 5} Appellee appealed the decision of the board to the Mahoning County Common Pleas Court. The court overturned the decision of the board and found that appellee was entitled to the zoning permit. The court ordered that the permit be issued due to the failure of the repealing ordinance (Ordinance No. 850-91) to comply with R.C. 731.19. The Court of Appeals for Mahoning County, in a split decision, affirmed the judgment of the trial court.

{¶ 6} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Paul E. Stevens*, for appellee.

*Roth, Blair, Roberts, Strasfeld & Lodge* and *James E. Roberts*; and *Stuart J. Banks*, for appellant.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 7} The facts in this case are not disputed.  The issue presented is whether, based on those specific facts, R.C. 731.19 operates to yield a conclusion that appellee's property is unzoned.  For the reasons which follow, we find that appellee's property is not unzoned.  We reverse the judgment of the court of appeals.

{¶ 8} The court of appeals stated:

"By the language of R.C. 731.19, it was incumbent upon the Village of Poland to specifically refer to and revive the 1978 Ordinance in order to return the zoning designation of the property in question to its pre-May 15, 1990 state.  The January 8, 1991 ordinance clearly does not contain any reference to the 1978 ordinance, nor does it contain the mandatory reviving language.  Statutory procedures for enacting or amending zoning ordinances are mandatory upon villages that are not charter municipal corporations. *Evans v. Lakeview* (1990), 67 Ohio App.3d 117, 585 N.E.2d 1018.

"The only way the property in question could have been returned to the designation it had under the 1978 ordinance would have been for the repealing ordinance to contain language sufficient to revive that designation.  As none exists, the trial court was correct in finding that the property is currently unzoned and that the requested building permit be issued."

{¶ 9} We do not agree with the conclusion reached by the court of appeals.

{¶ 10} It is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result. *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 384, 18 OBR 437, 439, 481 N.E.2d 632, 634; *Slater v.*

*Cave* (1853), 3 Ohio St. 80, 83-84 ("[W]here the literal construction of a statute would lead to gross absurdity, or where, out of several acts touching the same subject matter, there arise collaterally any absurd consequences, manifestly contradictory to common reason, *** provisions leading to collateral consequences of great absurdity or injustice, may be rejected ***."). See, also, R.C. 1.47(C) ("In enacting a statute, it is presumed that *** [a] just and reasonable result is intended.").

{¶ 11} We find that the court of appeals' interpretation of R.C. 731.19 would yield an absurd result in this case. A finding that appellee's property is unzoned, when the village council clearly intended that it revert to the zoning that was in place before Ordinance No. 846-90 was adopted, would allow a legal technicality to frustrate the very essence of the village's comprehensive zoning plan. In *Union Oil Co. v. Worthington* (1980), 62 Ohio St.2d 263, 16 O.O.3d 315, 405 N.E.2d 277, this court indicated that when a court invalidates the zoning of a particular property which is within an area covered by a comprehensive zoning plan, the courts should strive to avoid a determination that the property is unzoned.

{¶ 12} We are in accord with the reasoning of the Supreme Court of Georgia in *Bd. of Commrs. of Henry Cty. v. Welch* (1985), 253 Ga. 682, 324 S.E.2d 178, involving a situation similar to this one, in which a lower court had held that a parcel of property was unzoned because a county had repealed the zoning on the property without specifying a new zoning in its place. The Supreme Court of Georgia found the lower court ruling, which operated "to denude certain areas of the county of any zoning classification, to be clearly unreasonable" and determined that the property remained in the previous zoning classification. *Id.*, 253 Ga. at 684, 324 S.E.2d at 180.

{¶ 13} We acknowledge that zoning ordinances should be construed in favor of the property owner. See *In re Univ. Circle, Inc.* (1978), 56 Ohio St.2d 180, 184, 10 O.O.3d 346, 348, 383 N.E.2d 139, 141. We further acknowledge that the

village council should have specifically revived the affected section of the 1978 ordinance by restating the language of that section when it adopted the repealing ordinance. However, the failure to do so is not fatal to appellant's case, since no rule of construction can guide an inquiry when that rule of construction yields an absurd and unreasonable result.

{¶ 14} Appellee's property is not unzoned. The judgment of the court of appeals is reversed. The decision of the board that appellee's property is zoned Professional Office and Service is reinstated.

*Judgment reversed.*

DOUGLAS, F.E. SWEENEY and STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 15} I agree with the conclusion of the court of appeals as recited in the majority opinion, therefore respectfully dissent.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

_____