DeSARRO, Appellant,

v.

EAST LIVERPOOL BOARD OF ZONING APPEALS et al., Appellees.

[Cite as *DeSarro v. E. Liverpool Bd. of Zoning Appeals,*
165 Ohio App.3d 732, 2006-Ohio-1290.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

Nos. 05–CO–2 and 05–CO–12.

Decided March 15, 2006.

734

Craig T. Conley, for appellant.

Charles L. Payne, for appellees.

DONOFRIO, Judge.

{¶ 1} Appellant, Norma DeSarro, appeals from a Columbiana County Common Pleas Court judgment affirming the decision of appellee, the East Liverpool Board of Zoning Appeals ("BZA").

{¶ 2} On September 3, 2003, East Liverpool Director of Planning/City Engineer, William Cowan, issued a "stop order" to appellant, ordering her to immediately cease operation of her drive-through business located at 1120 Pennsylvania Avenue. Cowan informed appellant that the property on which her business is located was zoned B–4, which he stated does not permit drive-through or drive-in businesses. Cowan also informed appellant of the procedure that she should follow in order to apply for a special exception and to get the property rezoned B–5, which would allow her to use the property as a commercial drive-through.

{¶ 3} Appellant's business sells snacks, beer, wine, soda, and other goods. There is no dispute regarding whether such a commercial use is allowed in a B–4 area. The dispute arose because appellant uses a drive-through to sell these goods.

{¶ 4} Appellant appealed the stop order to the BZA. The BZA held a hearing and denied appellant's appeal.

{¶ 5} Appellant then filed an appeal in the trial court from the BZA's decision. She argued that the BZA's decision was not supported by the evidence, that the zoning ordinance was unconstitutional, and that the city engineer lacked authority to issue the stop order.

{¶ 6} The trial court affirmed the BZA's decision. It found that at a BZA meeting in 2002, appellant's representative stated that the building located at 1120 Pennsylvania Avenue was going to be used for "Clearly the Best Bottled Water" as an office and warehouse. The BZA unanimously approved the use of the building for that purpose.

{¶ 7} The court also found that in 1984, appellant made an application for a variance to permit a nonconforming use for the business known as Gina's Drive–Thru ("Gina's"). The BZA granted the variance permitting appellant to operate a grocery, beer, and wine carry-out and drive-through operation. Gina's is located across the street from the drive-through at issue in this case and is also in an area zoned B–4. In making the findings regarding Gina's, the trial court relied on documents that appellee attached to its brief. These documents were not a part of the record from the BZA hearing.

{¶ 8} The trial court concluded that the zoning ordinance provided for drive-throughs and drive-ins only on B–5 districts. It further found that the ordinance

is not unconstitutional on its face or as applied to appellant. Finally, the court concluded that Cowan had the authority to perform the functions of a zoning inspector and to issue the stop order.

{¶ 9} Appellant next filed a motion to vacate the trial court's judgment, alleging that the court had improperly relied on evidence not in the record. Specifically, she claimed that the court had relied on the documents attached to the BZA's brief from a 1984 BZA meeting and decision. These documents, appellant asserted, were not a part of the record from the BZA hearing. She argued that the court had relied on these documents in rendering its judgment.

{¶ 10} Appellant also filed a timely notice of appeal on January 3, 2005. This court issued a limited remand so that the trial court could rule on appellant's motion to vacate.

{¶ 11} On remand, the trial court reconsidered its decision but reached the same conclusion and again affirmed the BZA's decision. This time, however, it omitted its previous references to the documents that were not a part of the BZA's record.

{¶ 12} Appellant subsequently filed a timely notice of appeal from that judgment entry on March 24, 2005. This court consolidated the two appeals.

{¶ 13} Appellant raises two assignments of error, the first of which states:

{¶ 14} "The trial court, in reaching its December 2, 2004 and/or its March 10, 2005 decisions, impermissibly relied upon documents (and attendant arguments) not in the administrative record transmitted to it."

{¶ 15} To its trial court brief, appellee attached a 1984 application to the BZA filed by appellant, requesting a variance for property located at 1147 Pennsylvania Avenue, the transcript of the hearing on the application, and the BZA's 1984 decision. The decision granted appellant a variance to operate a drive-through across the street from the property that is now at issue. The application for the variance states: "Owner wishes to start business (grocery, beer and wine carryout and drive through). Structure to be enlarged to accommodate drive thru operation. Require permission of Board for construction of a nonconforming use and waiver of setback requirement."

{¶ 16} The trial court considered these documents and relied on them in rendering its initial decision, over appellant's objection. Upon reconsideration, the trial court rendered the same decision but omitted its previous references to the 1984 documents.

{¶ 17} Appellant argues that the trial court erred in relying on the 1984 documents in reaching its initial judgment, because they were not part of the

record from the BZA hearing. Thus, she contends that we must reverse the court's initial judgment.

{¶ 18} Appellant next argues that although the trial court "facially excised" all prior references to the 1984 documents from its second judgment, the court was tainted by those extraneous documents. She contends that the trial court, although not mentioning the 1984 documents in its second judgment, nonetheless relied upon them. Specifically, appellant points out that at page two of its second judgment, the trial court found that appellant had failed to provide any evidence that the city had permitted another establishment to operate a drive-through in a B–4 district without first having obtained BZA approval. However, appellant argues, the record does not contain any evidence that Gina's had ever obtained BZA approval. Thus, appellant concludes that we must reverse the trial court's second judgment.

{¶ 19} On an appeal to the trial court from an administrative agency, the court shall be confined to the transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final decision appealed from unless it appears on the face of that transcript or by affidavit filed by the appellant that certain defects exist. R.C. 2506.03; R.C. 2506.02.

{¶ 20} In this case, neither party filed an affidavit citing any defects with the BZA transcript, nor does the face of the transcript reveal any defects. Thus, the trial court should have been confined to the transcript filed by the BZA.

{¶ 21} The BZA argues that the trial court should have been permitted to consider its 1984 decision regarding Gina's since it is similar to an unreported case. This may be true. It is a previous decision of an administrative body. However, the 1984 decision, standing alone, provided no relevant evidence to the trial court. The decision itself is addressed to appellant. It simply states that the BZA had met and had granted her appeal number 219 for a variance at the property located at 1147 Pennsylvania Avenue. The decision makes no reference whatsoever to the purpose of the variance, how the property was zoned, or what type of business appellant was going to operate on the property. Thus, although the 1984 decision may have been permissible for the trial court to consider, standing alone, it provided no relevant information.

{¶ 22} In order for the 1984 decision to provide any useful information, the court would have had to consider it in conjunction with the other attachments to the BZA's brief—appellant's application for a special permit and a variance and a copy of the hearing transcript on appellant's application. These two documents were not included in the transcript from the BZA, nor are they decisions of that administrative body. Thus, the trial court should not have considered them.

{¶ 23} The trial court reconsidered its initial judgment and redecided this case without relying on the 1984 documents. Therefore, as to appellant's appeal from the initial judgment entry, this matter is moot.

■ {¶ 24} As to appellant's appeal from the second judgment entry, her argument lacks merit. Appellant makes accusations that the trial court considered the 1984 evidence, even though it did not reference that evidence in its judgment entry. The trial court specifically stated, however, that it reconsidered its decision but refused to vacate the denial of the appeal "based on the within analysis." It then analyzed each of appellant's arguments. In doing so, the court made no reference to the 1984 documents.

■ {¶ 25} "[A] general principle of appellate review is the presumption of regularity; that is, a trial court is presumed to have followed the law unless the contrary is made to appear in the record." *Thomas v. Thomas* (Sept. 17, 1999), 2d Dist. No. 98–CA–55, 1999 WL 812385; see also *In re Disqualification of Martin* (1987), 36 Ohio St.3d 603, 522 N.E.2d 457 (a judge is presumed to follow applicable law in all respects). This court will not presume, as appellant wishes us to do, that the trial court, upon reconsidering its initial judgment, disregarded the law and considered the 1984 documents that were not part of the record. Accordingly, appellant's first assignment of error is without merit.

{¶ 26} Appellant's second assignment of error states:

{¶ 27} "The December 2, 2004 and March 10, 2005 decisions of the trial court, as a matter of law, are not supported by a preponderance of reliable, probative and substantial evidence."

■ {¶ 28} Here, appellant argues that the trial court's judgments are against the weight of the evidence. She contends that based on the city's allowance of Gina's operation, there is no question that the zoning ordinance permits her to operate a drive-through business on her property. Alternatively, appellant argues that since the city allowed Gina's to operate across the street, it has failed to consistently and uniformly enforce its zoning regulations. Additionally, she points out that the ordinance does not contain a specific prohibition against drive-through businesses. Next, she argues that because the ordinance does not define "drive-thru," it is unconstitutionally vague. Finally, appellant contends that Cowan lacked the authority to issue the stop order because he was never approved by city council as the Zoning Inspector, which is required by Zoning Ordinance 1105.01(b).

■■ {¶ 29} In reviewing an administrative agency's decision, a trial court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid. *Community Concerned*

*Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580. Pursuant to R.C. 2506.04, a trial court that is reviewing an administrative order may determine whether that order "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court must weigh the evidence in the record in order to determine whether there is a preponderance of reliable, probative, and substantial evidence supporting the decision and may not substitute its judgment for that of the agency. *Community Concerned Citizens, Inc.,* 66 Ohio St.3d at 456, 613 N.E.2d 580.

{¶ 30} An appeal to the court of appeals is more limited in scope. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. It requires the appellate court to affirm the trial court's decision, unless it finds, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. Id.

{¶ 31} Thus, we must consider whether the evidence from the BZA hearing supports the trial court's judgment.

{¶ 32} Zoning Ordinance 1121.04 defines the various business districts in the city. It defines B–4 districts as "highway or general business," which are "areas along major highways or thoroughfares which provide sales and services oriented to highway travelers, or general businesses including sale and service for automotive, farm machinery, building trades, etc."

{¶ 33} Zoning Ordinance 1123.01 defines permitted uses for the various zoning areas. It also provides that uses not specifically listed or interpreted to be included categorically shall not be permitted except by amendment to the zoning ordinance.

{¶ 34} Permitted uses for B–4 districts are service stations, restaurants, motels and hotels, building trades and service, transportation equipment sales and repair, essential services, public use, accessory uses, and social activities. Zoning Ordinance 1123.01. Another subsection of Zoning Ordinance 1123.01 lists "special exceptions requiring board approval." For B–4 districts, this list includes eleven different uses, none of which are drive-through businesses.

{¶ 35} In contrast, the special exceptions requiring board approval in B–5 districts, which are defined as "central business," include drive-in commercial uses. The examples given for what constitutes a "drive-in commercial use" are drive-in restaurants and drive-in theaters. Zoning Ordinance 1103.22.

{¶ 36} At the BZA hearing, Cowan testified that appellant's drive-through is located in a B–4 district. Cowan also testified that in the city, there were some drive-throughs operating in B–4 districts. He cited Gina's as an example, which has been operating as a drive-through since the mid–1980s. Cowan stated that

he was not in his current position when Gina's was built, so he did not cite Gina's. However, he did testify that Gina's recently added another drive-through door to its facility and that he cited Gina's shortly after the new drive-through door was installed.

{¶ 37} Based on the ordinance, however, the trial court should have reversed the BZA's determination. Appellant contends that because B–4 districts do not contain a specific prohibition against drive-throughs, they are necessarily permitted. She is correct.

{¶ 38} The drafters of the zoning ordinance specifically listed "drive-in commercial uses" as special exceptions requiring board approval in B–5 districts. This exception is not present in B–4 districts. Appellee argues that appellant's drive-through falls into this category and therefore, appellant should have requested that her property be rezoned as B–5 and should have then requested a special exception to operate a drive-thru.

{¶ 39} But the drafters chose not to include any drive-in or drive-through businesses as special exceptions in B–4 districts. And B–4 districts are known as highway or general business districts. A drive-through convenience store, such as appellant's store, fits the description of a highway or general business. Given that drive-throughs can be interpreted to be included under the category of "highway or general business," we can reasonably infer that the drafters intended to allow drive-through business uses in B–4 districts.

{¶ 40} In support of our conclusion, we must point out that zoning ordinances are to be construed in favor of the property owner. *Mishr v. Poland Bd. of Zoning Appeals* (1996), 76 Ohio St.3d 238, 241, 667 N.E.2d 365. The Ohio Supreme Court explained the reason for this as follows:

{¶ 41} "Zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. Restrictions on the use of real property by ordinance, resolution or statute must be strictly construed, and the scope of the restrictions cannot be extended to include limitations not clearly prescribed." (Citations omitted.) *Saunders v. Clark Cty. Zoning Dept.* (1981), 66 Ohio St.2d 259, 261, 20 O.O.3d 244, 421 N.E.2d 152.

{¶ 42} Therefore, based on the language of the zoning ordinance, we conclude that the trial court's judgment is not supported by a preponderance of reliable, probative, and substantial evidence.

{¶ 43} Next, appellant claims that the zoning ordinance is unconstitutionally vague because it does not define the term "drive-thru."

██ {¶ 44} When an appellate court analyzes a zoning ordinance's constitutionality, it begins with a strong presumption that the ordinance is valid. *Belich v. Olmsted Falls*, 8th Dist. Nos. 84537, 84807, 2005-Ohio-190, 2005 WL 110926, ¶ 27, citing *Cent. Motors v. Pepper Pike* (1995), 73 Ohio St.3d 581, 653 N.E.2d 639.

██ {¶ 45} "[T]he unconstitutionally vague argument is usually applicable only to criminal ordinances which fail to put persons on notice as to what conduct is prohibited. Such an argument is inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation." *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 32, 30 OBR 33, 505 N.E.2d 966, citing *Rumpke Waste, Inc. v. Henderson* (S.D.Ohio 1984), 591 F.Supp. 521.

{¶ 46} Here, the zoning ordinance seems to put people on notice that property located in a B–4 district is subject to regulation. The ordinance lists permitted uses. It also lists uses that require board approval. The ordinance additionally defines the term "drive-in commercial uses." The ordinance could have been more particular and defined the term "drive-thru" along with "drive-in." However, an ordinance is not considered void for vagueness merely because it could have been written more precisely. *Belich*, 8th Dist. Nos. 84537, 84807 at ¶ 30. Thus, the ordinance is not overly vague.

██ {¶ 47} Finally, appellant claims that the stop order was invalid because Cowan is not the Zoning Inspector.

{¶ 48} Zoning Ordinance 1105.01(a) created the position of Zoning Inspector. Zoning Ordinance 1105.01(b) provides:

{¶ 49} "The Zoning Inspector shall be appointed by the Director of the Department of Planning and Development, subject to the approval of Council. It shall be the duty of the Zoning Inspector to enforce this Zoning Ordinance. It shall also be the duty of all officials and employees of the City to assist the Zoning Inspector by reporting to him upon new construction, reconstruction or land uses or upon seeming violations."

{¶ 50} Cowan is the Director of Planning and Development. He has held this position for approximately 13 years. Cowan, since his appointment, has also acted in the capacity of Zoning Inspector. He stated that it was one of his departmental duties.

{¶ 51} The trial court found that since the Director of Planning and Development has the authority to select a Zoning Inspector, he or she may choose not to delegate that responsibility and instead perform the job as the Director. It noted

that nothing in the ordinance prohibits the Director of Planning and Development from performing the job functions of the Zoning Inspector.

{¶ 52} Since the Zoning Inspector is selected by the Director of Planning and Development, it is reasonable that the director could perform the job duties of the Zoning Inspector. And although Cowan may have never been formally appointed by council as the Zoning Inspector, he has acted in that capacity for at least 13 years. If council did not approve of Cowan's performing the Zoning Inspector's duties, it would have required him to select someone else to fill the position. By allowing Cowan to fill the responsibilities of Zoning Inspector for 13 years, council has, in effect, approved him.

{¶ 53} Based on the merit of appellant's argument regarding the language of the ordinance, her second assignment of error has merit.

{¶ 54} For the reasons stated above, the trial court's judgment is hereby reversed and judgment is hereby entered allowing appellant to continue to operate her drive-through business.

Judgment reversed.

VUKOVICH and WAITE, JJ. concur.