23774.  STATE HIGHWAY DEPARTMENT v.
BRANCH et al.

Argued November 15, 1966—Decided November 23, 1966.

` *Arthur K. Bolton, Attorney General, Richard L. Chambers, Harold N. Hill, Assistant Attorneys General, J. Patrick Ward,* for appellant.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr.,* for appellees.

DUCKWORTH, Chief Justice. The enactment of the so-called Outdoor Advertising Control Act (Ga. L. 1964, p. 128) was purely a legislative exercise in futility. Its sole purpose is to dictate, control and limit uses of private property for public purpose, without a semblance of provision for first paying for such taking or damaging. Anyone able and willing to read the Fifth Amendment (*Code* § 1-805), which provides "nor shall private property be taken for public use without just compensation," the Fourteenth Amendment (*Code* § 1-815) which provides, "nor shall any State deprive any person of life, liberty or property, without due process," and our own State Constitution, Art. I, Sec. III, Par. I, which provides that "private property shall not be taken, or damaged, for public purposes without just and adequate compensation being first paid," would know beyond possible doubt that the 1964 Act is a bold and brazen violation of each of these constitutional clauses.

Decisions of this court leave no room for reasonable doubt that the Constitutions stand as a bar to any invasion of those constitutional rights. Among the countless decisions so holding see *Botts v. Southeastern Pipeline Co.*, 190 Ga. 689 (10 SE2d 375). It is inexcusable in light of these constitutional protections of private property and decisions of this court showing that legislation seeking to do so would be stricken down, to enact the 1964 Act which is thus foredoomed.

As pointed out in the brief of appellees, the Congress, which is not noted for observing constitutional safeguards of private property, amended the federal statute—in conformity to which the Georgia Act was enacted—so as to cause it to provide that "just compensation" be paid for the removal of advertisements forbidden by the Act, and provides for the federal government to pay 75% of such costs. 23 U. S. C. A., § 131 (g). By the 1964 Act, the Georgia legislature attempted to destroy private property, although as amended, the federal law requires the federal government to pay three-fourths of the damage suffered by the property owners. Georgia courts, to their eternal credit, have never allowed taking or damaging private property without first paying therefor, and this court stands ready to strike down this legislative attempt to do so.

We believe this matter is important enough to justify the following observations. Private property is the antithesis of Socialism or Communism. Indeed, it is an insuperable barrier to the establishment of either collective system of government. Too often, as in this case, the desire of the average citizen to secure the blessings of a good thing like beautification of our highways, and their safety, blinds them to a consideration of the property owner's right to be saved from harm even by the government. The thoughtless, the irresponsible, and the misguided will likely say that this court has blocked the effort to beautify and render our highways safer. But the actual truth is that we have only protected constitutional rights by condemning the unconstitutional method to attain such desirable ends, and to emphasize that there is a perfect constitutional way which must be employed for that purpose. Those whose ox is not being gored by this Act might be impatient and complain of this decision, but if this court yielded to them and sanctioned this violation of the Constitution we would thereby set a precedent whereby tomorrow when the critics are having their own ox gored, we would be bound to refuse them any protection. Our decisions are not just good for today but they are equally valid tomorrow.

We have gone to the heart of this case and decided the constitutional issue without being side-tracked by trivial incidental issues, thus putting an end to this case. For the reasons above stated, the 1964 Act is unconstitutional, and the judgment below is affirmed.

*Judgment affirmed. All the Justices concur.*