### 39249. WARSHAW et al. v. CITY OF ATLANTA et al.

SMITH, Justice.

Appellants Nat and Elaine Warshaw own property located at 2815 Peachtree Road, N. E., and have operated a strip-type shopping center known as "Garden Hills Shopping Center" there for approximately forty years. In 1954 appellee City of Atlanta zoned the subject property A-2 (Apartment Dwelling District). Because the shopping center predated the 1954 zoning ordinance, appellant's business has continued operating as a legal, non-conforming commercial use of the land. In January 1980, appellants requested rezoning to C-1-C (Commercial Business District Conditional). The City's Bureau of Planning reviewed appellant's rezoning application and recommended approval, with certain conditions attached to the rezoning. Appellants then amended their application to add six conditions (including agreements not to enlarge the present shopping center, to pave and mark existing parking spaces, and not to erect new signs). In June 1980, the Zoning Review Board held a public hearing on the application. At that hearing the president of a neighborhood association in the affected area voiced concern about inadequate parking and the late hours kept by the shopping center's tenants, and appellants' attorney responded to these concerns. The Board recommended approval with the six conditions submitted by the appellants. The ordinance to rezone appellants' land came up for adoption at the July 21, 1980 meeting of the Atlanta City Council. During discussion a council member moved orally to amend the ordinance to add Conditions 8 (requiring additional parking) and 9 (requiring that the shopping center businesses shut down between the hours of "12:00 p.m. and 7:00 a.m."). So amended, the ordinance was passed.

The Warshaws do not dispute the legality of the C-1-C zoning (which they requested), but challenge the validity of Conditions 8

and 9. The trial court granted summary judgment for appellees. On appeal the Warshaws contend that (1) Conditions 8 and 9 amount to an unconstitutional "taking" of their property; (2) the Council's actions violated applicable procedural rules for amending zoning ordinances; and (3) the conditions are so vague as to be unenforceable. We affirm.

Conditional zoning is permissible in Georgia, and "such conditions will be upheld when they were imposed pursuant to the police power for the protection or benefit of neighbors to ameliorate the effects of the zoning change." *Cross v. Hall County,* 238 Ga. 709, 713 (235 SE2d 379) (1977). Generally, zoning laws enjoy a presumption of validity on review. *Flournoy v. City of Brunswick,* 248 Ga. 573 (285 SE2d 16) (1981). Appellants' evidence on the "taking" point consisted of an expert affidavit to the effect that the conditions "work a substantial and significant detriment" to appellants as landowners. To counter this evidence, appellees offer the transcript of the June 1980 Zoning Board meeting. Conditions 8 and 9 were properly imposed to address legitimate neighborhood concerns about parking and late hours of operation. Appellants have failed to show by clear and convincing evidence that the City Council's action was arbitrary or unreasonable. See *Cross v. Hall County,* supra. "[T]he local governing body is the more appropriate one to shape and control the local environment according to the best interests of the locality and its citizens." *Westbrook v. Board of Adjustment,* 245 Ga. 15, 17 (262 SE2d 785) (1980).

Citing *Jennings v. Suggs,* 180 Ga. 141 (178 SE 282) (1935), appellants further contend that they were not given notice and an opportunity to be heard, and that the Council failed to follow applicable statutory procedures prior to enactment of Conditions 8 and 9. We disagree. The record indicates that appellants were present and were heard on this issue at the June 1980 Zoning Review Board meeting. Appellants' remaining procedural arguments are unpersuasive. Their strongest argument is that the City Council's passage of the conditions violated former Code Ann. § 69-1210, which provides that "no amendment [to a zoning ordinance] shall become effective unless it shall have been . . . submitted to the municipal planning commission . . . for review and recommendation." Appellants' reliance on this Code section is misplaced. Section 69-1210, enacted in 1957, is inconsistent with Art. IX, Sec. IV, Par. II of the 1976 Constitution (Code Ann. § 2-6102), which states "the General Assembly shall not . . . regulate, restrict, or limit the power and authority of any . . . municipality . . . to plan and zone." We interpret this Constitutional provision to mean, at the very least, that the City of Atlanta is free to establish reasonable procedures for the

implementation of its zoning powers, including amendment of ordinances once submitted. Since there exists an irreconcilable conflict between the 1957 Act and the Constitutional provision, the latter controls. See Op. Ga. Att'y. Gen. 77-5 (1977). Thus, former § 69-1210 is no longer the law, and was properly omitted from OCGA by the codifiers. This contention is without merit.

Appellants' vagueness argument is essentially that the condition requiring "12:00 p.m. to 7:00 a.m." closing is unclear in that it does not specify whether "12:00 p.m." means noon or midnight. The transcript of the Zoning Board hearing clearly shows that neighborhood concerns centered around late-night crowds and noise at the shopping center. We give local ordinances a reasonable construction where possible, *Sale v. Leachman,* 218 Ga. 834 (131 SE2d 185) (1963), and "12:00 midnight" is the only reasonable construction of the language in question here. This argument is also without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 1983 — REHEARING DENIED FEBRUARY 15, 1983.

*Gershon, Ruden, Pindar & Olim, Max Olim, Richard H. Siegel,* for appellants.

*Marva Jones Brooks, Thomas A. Bowman, Irmina Rivero Owens,* for appellees.