## S89A0164. COBB COUNTY et al. v. WILSON et al.

(386 SE2d 128)

SMITH, Justice.

The appellants, Cobb County and the Cobb County Board of Commissioners (Cobb County), were ordered by the trial court to rezone certain property owned by the appellees, Raymond B. Wilson et al. The appellees filed a contempt petition alleging that Cobb County had failed to rezone the property within the time specified in the order. The trial court agreed and declared the property to be "unzoned and free from all Cobb County Zoning restrictions." We affirm in part and reverse in part.

On May 27, 1987, the trial court held that the R-20 zoning classification of the property was unconstitutional and void. The trial court ordered Cobb County to rezone the property to a constitutional classification within 30 days. We affirmed the decision without opinion pursuant to Rule 59 in *Cobb County v. Wilson*, 258 Ga. XXIX (1988). The remittitur was entered on April 5, 1988; during April 1988, Cobb County considered rezoning the property; on June 1, 1988, the appellees filed the contempt petition; and on January 18, 1989, the trial court found that Cobb County had failed and refused to use its zoning authority to rezone the property to a constitutional classification. The court, relying on *City of Atlanta v. McLennan*, 237 Ga. 25 (226 SE2d 732) (1976), declared the property "unzoned and free from all Cobb County Zoning restrictions."

1. Cobb County insists that the trial court erred in its finding that the property had not been rezoned. The applicable legal precept is Ga. L. 1982, pp. 4111, 4112, which provides in pertinent part:

[N]o official action on any zoning or rezoning proposal may be taken except in a meeting of the commission open to the public, and the chairman and all other members of the commission shall be required to vote on any such proposal, and the vote of the chairman and each member shall be duly recorded in the minutes of the meeting of the commission. . . .

Our review of the official minutes of the meeting of the commission reveals that the minutes do not recite a successful motion to rezone the subject property, a recorded second, or, most importantly, a recorded vote. Because the votes of the chairman and all other members were not recorded in the official minutes, the trial court's finding is not clearly erroneous, and will not be disturbed.

2. With that holding we might conclude this case; however, there are interests beyond those represented by the parties to this appeal. There are interests that reside in the public. A total exemption from land use restrictions resulting from the declaration that the property

is "unzoned and free from all Cobb County Zoning restrictions" is a perilous condition to inflict upon adjoining landowners; it might cause them severe inconvenience or irreparable harm. Our duty to the public requires a diligent search for safer alternatives.

a. One alternative might involve allowing the trial judge to determine an appropriate zoning classification. That, however, is impossible because the judicial system has no zoning powers. *Hall Paving Co. v. Hall County*, 237 Ga. 14, 15 (226 SE2d 728) (1976) (citing *Hunt v. McCollum*, 214 Ga. 809 (108 SE2d 275) (1959)). Under our constitution, *only* the governing authorities of counties and municipalities have zoning powers. Art. IX, Sec. II, Par. IV, Constitution of the State of Georgia of 1983.

b. Another alternative is the trial court's use of its power to order the local zoning authority to rezone the property to a classification that is constitutional — as was done in this case. While the trial court found that Cobb County was in contempt for failure to obey its order, it imposed no sanctions upon Cobb County, the Board of Commissioners in its representative capacity, nor upon the commissioners as individuals. It found that imposing a fine upon Cobb County would result in the taxpayers being penalized, as would a fine against the commissioners in their official capacities. However, if the zoning authority refuses to comply with such an order to rezone, then the court has the power to punish the members of the zoning authority, in their individual capacities, for criminal contempt. Thus each member as an individual can be fined and/or jailed for contempt. This alternative has *not* been used in this case.

3. The "punishment" that is meted out by the trial court's order in this case falls not upon Cobb County nor the commissioners in any capacity. It falls instead upon the unfortunate adjoining landowners who might awaken some morning to find their neighborhood infested with the most noxious of commercial activities. Accordingly, we reverse that portion of the trial court's order that declares the property free of zoning restrictions. In doing so, we do not overrule *City of Atlanta v. McLennan*, supra, but only limit the radical action of declaring property free from zoning restrictions as the alternative of absolute last resort.

The trial court may issue an order to Cobb County by and through its Board of Commissioners in its official capacity to rezone the property. If the commissioners fail to rezone the property within the keeping of the court's order, then the court may use its criminal contempt powers to punish the commissioners in their individual capacities for their defiance of the court's lawful order.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Decided November 30, 1989 —
Reconsideration denied December 20, 1989.

*Webb & Kicklighter, Robert F. Webb, Kris K. Skaar,* for appellants.
*Moore & Rogers, John H. Moore, Ellen L. Basham,* for appellees.