S89A0604. LAMAR ADVERTISING OF SOUTH GEORGIA, INC.
et al. v. CITY OF ALBANY.
(389 SE2d 216)

WELTNER, Justice.

The City of Albany adopted a comprehensive sign ordinance that purports to govern commercial and noncommercial signs, on-site and off-site signs, and imposes upon the owners of such signs annual charges. Additionally, the ordinance specifies that signs in existence at the time of its promulgation that do not conform to its specifications must be removed within stated periods of time. The ordinance provides no compensation for owners of signs that are required to be removed.

Before the effective date of the ordinance, Lamar Advertising owned or maintained within the city approximately 200 "sign faces." Many of these would be nonconforming under the terms of the new ordinance. Additionally, it applied for and received permits to erect two new signs, which had not been built on the effective date of the new ordinance. Although the location and construction of these two proposed signs would have been in compliance with the prior sign ordinance, they would not conform to the new requirements.

Relying upon the new ordinance, the city sought and obtained an injunction against Lamar Advertising that prohibited erecting the two signs.

Lamar Advertising's appeal raises a flurry of constitutional claims. We address one issue only: whether the ordinance effects a taking or damaging of private property (i.e., Lamar Advertising's existing signs) without just and adequate compensation.

1. Art. I, Sec. I, Par. I of the Constitution of Georgia declares: "No person shall be deprived of life, liberty, or property except by due process of law." Art. I, Sec. III, Par. I (a) of our Constitution declares:

Except as otherwise provided in the Paragraph, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid.

2. There is no doubt that the enforcement of the removal requirements of the ordinance will work a destruction of the private property of Lamar Advertising.

3. (a) This case is governed by our holding in *State Hwy. Dept. v. Branch*, 222 Ga. 770 (152 SE2d 372) (1966), as follows:

The Outdoor Advertising Control Act (Ga. L. 1964, p. 128) is unconstitutional because it fails to require payment for taking private property for public purposes, and it was not error to overrule the general demurrers of the State Highway Department to the petition of property owners seeking to prevent enforcement of that Act and alleging its unconstitutionality.

(b) Because the enforcement of the removal provision of the ordinance will result in the destruction of a substantial part of a lawful enterprise, it effects a taking of private property without just and adequate compensation. Hence, it is void under our Constitution. The removal provision is the core of the ordinance's general purpose of preventing the proliferation of signs within the city, and eliminating those that, under the prior ordinances, were lawful. Unlike the factual circumstance of *City of Newnan v. Atlanta Laundries*, 174 Ga. 99 (8) (162 SE 497) (1931), "[t]he portions of the ordinance which are declared unconstitutional *are* . . . so vital and connected with the general scheme of the ordinance that the whole ordinance must fall." (Emphasis supplied.)

4. The city insists that its regulation of signs is a valid exercise of the police power. We do not quarrel with the proposition that a lawful regulation of signs is within the police power. That, however, cannot cancel the constitutional protection of citizens in the enjoyment of their property. See *Agins v. Tiburon*, 447 U. S. 255, 260 (100 SC 2138, 65 LE2d 106) (1980) (regulations that "substantially advance legitimate state interests" may nonetheless effect a taking, requiring payment of just compensation, if they deny property owner all "economically viable" use of property).[1]

5. (a) The injunction, being based upon the provisions of a void

---

[1] The notion that a valid exercise of the police power is ipso facto not a taking requiring compensation was refuted clearly in *Nollan v. California Coastal Comm.*, 483 U. S. 825 (107 SC 3141, 97 LE2d 677) (1987).

ordinance, must be vacated.[2]

(b) This is not to say that a city may not regulate with stringency the erection and maintenance of signs. Indeed, under some circumstances it might be empowered to eliminate them entirely — *provided* that the owners of such signs are compensated.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

Although I agree with the majority that the provisions of the ordinance in question which require the removal of existing signs without compensation is unconstitutional for the reasons stated in *State Hwy. Dept. v. Branch,* 222 Ga. 770 (152 SE2d 372) (1966), I cannot join in the majority's disposition of the entire case with that single holding.

In addition to providing for the removal of existing signs, the ordinance places numerous restrictions on the construction of signs in the future. Indeed, this case had its genesis in appellee's effort to have appellants enjoined from constructing certain signs for which they held permits. Where, as here, the portions of the ordinance which are declared unconstitutional are not so vital and connected with the general scheme of the ordinance that its whole purpose must fail, the portion which is invalid can be stricken and the remainder of the ordinance upheld as valid. *City of Newnan v. Atlanta Laundries,* 174 Ga. 99 (162 SE 497) (8) (1931). This court is, therefore, directly confronted with the issue of whether the trial court erred in enjoining the construction of two signs for which appellants held permits predating the ordinance, and whether the trial court erred in rejecting what the majority characterizes as a "flurry of constitutional claims," and in holding that the ordinance is constitutional. Being unable to join in an opinion which does not address those issues, I must dissent.

DECIDED MARCH 1, 1990 —
RECONSIDERATION DENIED MARCH 28, 1990.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Brimberry, Kaplan, Campbell & Donaldson, Jerry W. Brimberry,* for appellants.

---

[2] The city's argument (that the two building permits in question were invalid when issued because Lamar Advertising failed to obtain a contractor's license) is foreclosed by the ruling of the trial court, which is not in issue on appeal, that the city code does not require a party applying for a sign permit to obtain a contractor's license as a condition to the validity of the permit. See *Gober v. City of Gainesville,* 150 Ga. App. 73 (2) (256 SE2d 633) (1979).

*Landau, Davis & Farkas, James V. Davis, Leonard Farkas,* for appellee.

*Rubin, Winston & Diercks, Eric M. Rubin, Steven J. Stone, Hull, Towill, Norman & Barrett, David E. Hudson,* amici curiae.