S94A0032. ALEXANDER et al. v. DeKALB COUNTY et al.
(444 SE2d 743)

FLETCHER, Justice.

We granted this application for discretionary appeal to consider the proper remedy for property owners when a zoning board imposes conditions as part of a court-ordered rezoning.[1] We hold that a prop-

---

[1] Specifically, this court raised the following three questions:

1. When, as here, the trial court fails to hold the zoning authority in contempt, is the contempt remedy described in *Cobb County v. Wilson*[, 259 Ga. 685 (386 SE2d 128) (1989)] a criminal contempt or is it more properly described as a civil contempt?

2. Does a petitioner for a rezoning have the right to appeal a trial court's find-

erty owner who is dissatisfied with a court-ordered rezoning may challenge the new zoning classification as unconstitutional or seek to invoke the superior court's civil contempt powers within 30 days of the date of the rezoning decision. We affirm, but remand for the trial court to vacate two illegal conditions.

The owners of 22 acres of property where the Rock Springs Apartments are located petitioned the DeKalb County Board of Commissioners to rezone the property from 18 apartment units per acre to 30 units per acre.[2] The county denied the application. On appeal in 1992, the superior court declared the board's decision unconstitutional and remanded the case for rezoning. The board rezoned the property to RM-HD, which allows up to 30 units per acre, but imposed a condition limiting development to 22 units per acre.[3] The property owners returned to superior court, seeking judicial review of the rezoning action and a finding that the county commissioners were in contempt for attaching conditions to the rezoning. After a hearing, the superior court ruled that the commissioners rezoned the property as ordered and the conditions imposed were reasonable. The property owners filed an application for discretionary appeal which this court granted.[4]

1. In *Cobb County v. Wilson*, 259 Ga. 685 (386 SE2d 128) (1989), this court held that a trial court could employ its criminal contempt powers to enforce an order that a county governing body must rezone property. We adopted criminal contempt as a "safer alternative" to "the radical action of declaring property free from zoning restrictions," which unfairly punishes adjoining landowners. Id. at 686. Subsequently, we rejected inverse condemnation as a remedy in a rezoning case and reversed the award of damages to the property owner.

---

ing that a zoning authority is not in contempt of that court's order to rezone an unconstitutionally zoned property? If such a right exists, what is the standard of review and is the appeal controlled by *Trend Development* [*Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989)] or is there a right of direct appeal?

3. When, as here, the trial court fails to hold the zoning authority in contempt, what is petitioner's remedy and procedurally how should that remedy be pursued?

[2] Although zoned at eighteen units per acre, the property now is used for an apartment complex with a density of approximately eight units per acre.

[3] The density limitation was one of twelve conditions adopted. The other conditions require the creation of a 50-foot landscape buffer along certain property lines, erection of a chain link fence, screening of dumpsters, removal of as few trees as possible, no parking variances, limitation on hours of construction activity, certain outside lighting, depiction of property access on the site plan, location of amenities on the property interior, observation of 110 percent of open space requirement in the RM-HD zoning district, and approval of no administrative variances.

[4] A discretionary application is required in all zoning cases, even when the trial court denies a contempt motion. See *Trend Dev. Corp. v. Douglas County*, 259 Ga. at 426; see also *Southern States Landfill v. City of Atlanta Bd. of Zoning Adjustment*, 261 Ga. 759 (410 SE2d 721) (1991) (granting application for discretionary appeal in mandamus action); *Shockley v. Fayette County*, 260 Ga. 489, 490 (396 SE2d 883) (1990) (same).

*Fulton County v. Wallace,* 260 Ga. 358, 361 (393 SE2d 241) (1990). In that case, we found that the *Wilson* decision contained "the available remedies for the zoning board's failure to properly analyze and rezone property in accordance with the trial court's order to constitutionally rezone property." Id.

Just as the remedy of declaring property free of all zoning restrictions is too drastic in most zoning cases, we find the remedy of holding county commissioners in criminal contempt is also too harsh in many cases. It is unfair to county commissioners who in good faith seek to comply with court orders that are often open to more than one interpretation; it is unfair to property owners who must meet the stringent standard of proof beyond a reasonable doubt that the commissioners wilfully disobeyed the court order, see *In re Crane,* 253 Ga. 667, 670 (324 SE2d 443) (1985); and it hurts the public's interest by lessening the possibility of compromise. We overrule *Wallace* to the extent that it limits the available remedies in a zoning case to criminal contempt or exemption from all zoning laws. Although courts may invoke their criminal contempt powers to punish commissioners for defying a rezoning order, criminal contempt should be limited to the rare case, such as *Wilson,* where the zoning board fails to act in response to the court order.

As part of our continuing "search for safer alternatives," we hold that the contempt remedy in zoning cases to encourage compliance with a previous court order is civil in nature. The difference between criminal and civil contempt depends on the purpose for which the power is exercised. *Ensley v. Ensley,* 239 Ga. 860, 861 (238 SE2d 920) (1977).

> The distinction between the two is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.

*Carey Canada, Inc. v. Hinely,* 257 Ga. 150, 151 (356 SE2d 202), cert. denied, 484 U. S. 898 (108 SC 233, 98 LE2d 192) (1987). Thus, when a zoning board responds to a court order by timely rezoning property, but the property owner contends the action violates the court's order, the property owner may seek civil contempt as a remedy to gain compliance.

2. Property owners are not limited to bringing a contempt action when the zoning board rezones property in response to a court order finding the existing zoning unconstitutional. Instead, the dissatisfied property owner may challenge the constitutionality of the new zoning

classification in superior court.[5] The challenge must be filed within 30 days of the zoning board's decision in the trial court which ordered the rezoning. See *Village Centers v. DeKalb County*, 248 Ga. 177, 180 (281 SE2d 522) (1981) (property owners have 30 days to appeal the county's denial of an application to rezone property); *City of Atlanta v. McLennan*, 237 Ga. 25, 28 (226 SE2d 732) (1976) (finding court may reserve jurisdiction to determine whether county rezones property to a constitutional classification). The action may be filed along with the contempt motion, as was done in this case.

3. In considering the trial court's findings of fact, we apply the clearly erroneous standard of review. See *Dougherty County v. Webb*, 256 Ga. 474, 477, n. 3 (350 SE2d 457) (1986). The DeKalb County commissioners on remand from superior court received a planner's report recommending a maximum density of 22 units per acre and evidence of the adverse effect on the community if the property were developed at 30 units per acre. The commission then rezoned the Rock Springs property to a more intensive use but imposed conditions that limited development to 22 units per acre. The property owners filed a motion in superior court within 30 days of the county's decision. The motion sought a ruling that the new zoning classification did not comply with the 1992 order or the commissioners were in contempt. At the hearing, the property owners requested that the court return the case to the commissioners for further action before considering contempt as an option. Denying the property owners' request, the trial court found that the commissioners were not in criminal contempt and acted reasonably in imposing the 12 conditions. The decision in effect determined that the new zoning classification with conditions was constitutional.

Our review of the record shows the trial court was correct in determining that the county commissioners complied with its 1992 order to rezone the property to a constitutional classification. We disagree, however, that the county may adopt conditions that prevent property owners from seeking, and the board from granting, parking and administrative variances. Any condition prohibiting a variance is invalid because it attempts to limit the authority of future legislative bodies to regulate the property. See 3 E. Ziegler, Rathkopf's Law of Zoning and Planning, § 29A.02 (6) (b) (4th ed. 1990). We remand to enable the trial court to vacate the two conditions banning variances. It is not necessary for the trial court to reconsider the motion for contempt since there was sufficient evidence to support the trial court's finding of no contempt, even under the civil contempt standard.

---

[5] This procedure assumes that the property owner has met the prerequisites for raising a constitutional challenge in superior court. See *Shockley*, 260 Ga. at 491; *DeKalb County v. Post Properties*, 245 Ga. 214, 217 (263 SE2d 905) (1980).

*Judgment affirmed and case remanded with direction. All the Justices concur, except Carley, J., who dissents; Benham, P. J., not participating.*

CARLEY, Justice, dissenting.

I agree with the holdings in Divisions 1 and 2 of the majority opinion, wherein the remedies available to a property owner in a rezoning case are discussed generally. In Division 3, however, the majority turns to the specifics of the instant case and ultimately holds that the superior court's order must be affirmed and remanded only for the limited purpose of "enabl[ing] [that] court to vacate the two conditions banning variances." While I agree that, as a matter of law, those two conditions must be vacated, I cannot agree to an affirmance and remand for that sole limited purpose. In my opinion, the case should be reversed in its entirety and remanded to the superior court for the additional purpose of determining whether the other ten conditions should also be vacated. Accordingly, I must dissent to the majority's affirmance and limited remand of the instant case.

"Conditional zoning is rezoning subject to conditions which are not applicable to other land similarly zoned. [Cit.]" *Cross v. Hall County*, 238 Ga. 709, 713 (2) (235 SE2d 379) (1977). In determining that the specified conditions, which are not applicable to other land which is also zoned RM-HD, were nevertheless "valid and reasonable" conditions applicable to appellants' property, the superior court found as follows:

> [A]t the rezoning hearing, the Druid Hills Civic Association requested that these conditions be adopted out of *concern* that [appellants'] development of [their property] would negatively impact on the surrounding neighborhood. [Appellees] expressed the same *concern* and adopted the twelve conditions to ameliorate the *possible* negative impact. *For these reasons*, . . . the conditions imposed on the rezoning of [appellants'] property are valid and reasonable.

(Emphasis supplied.)

In my opinion, a superior court's determination of the validity and reasonableness of the various conditions imposed upon rezoned property cannot be based upon its blanket consideration of whether others have expressed a "concern" over the "possible" negative impact that rezoning might have on the surrounding neighborhood. Rather, such a determination can be based only upon the superior court's consideration of whether there is sufficient *evidence* that the rezoning *will* negatively impact the neighborhood and that each of the specific conditions is *necessary* to ameliorate that negative impact.

"Generally, such conditions will be upheld *when they were imposed pursuant to the police power for the protection or benefit of neighbors to ameliorate the effects of the zoning change.* [Cits.]" (Emphasis supplied.) *Cross v. Hall County*, supra at 713 (2). See also *Warshaw v. City of Atlanta*, 250 Ga. 535, 536 (299 SE2d 552) (1983), holding that certain conditions "were properly imposed to address *legitimate* neighborhood concerns about parking and late hours of operation." (Emphasis supplied.)

That condition which restricts appellants' development of their rezoned property to only 22 units per acre serves to illustrate what I perceive to be the error in the superior court's disposition of the instant case. Under RM-HD zoning, as many as 30 units per acre would otherwise be permitted. It is understandable that appellants' neighbors may have a "concern" that a development with as many as 30 units per acre would have a "possible" negative impact on the neighborhood. It is likewise understandable that appellants' neighbors might be of the opinion that restricting development to no more than 22 units per acre would alleviate that "concern" and ameliorate any "possible" negative impact. What must equally be understood, however, is that appellants, as the owners of the property, also have a "concern" that a development with less than 30 units per acre will have a "possible" negative impact on their use of their property in full accordance with an otherwise unconditional RM-HD classification.

In addressing these countervailing "concerns" over the "possible" negative impact that might result from the greater or lesser density of a development on appellants' property, "we start from the proposition that a property owner may use his property as he sees fit, subject to such *rights* as others, including governments, may have to control the owner's use." (Emphasis supplied.) *Cross v. Hall County*, supra at 711 (1). The "concern" of others over the "possible" negative impact resulting from a development with as many as 30 units per acre gives them no "right" to prevent appellants from developing their property in full accordance with an otherwise unconditional RM-HD rezoning classification. Any restriction on appellants' use of their property as the site of a development with as many as 30 units per acre would have to be "sustainable under the police power." *Cross v. Hall County*, supra at 713 (2), fn. 2.

"As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or un-

reasonable. [Cit.]"

*Cross v. Hall County*, supra at 710 (1). Accordingly, in the absence of evidence of a "legitimate" concern that a development with as many as 30 units per acre would negatively impact the "public health, safety, morality or general welfare" and that restricting development to no more than 22 units per acre would be a necessary ameliorative measure to counteract such negative impact, imposition of that condition would not be "sustainable under the police power" and should be "set aside as arbitrary or unreasonable." *Cross v. Hall County*, supra; *Warshaw v. City of Atlanta*, supra.

Appellees may have heard evidence which supported the imposition of the various conditions on appellants' rezoned property as a valid and reasonable exercise of the police power. It does not appear, however, that the superior court undertook to determine whether such evidence was heard by appellees. The superior court appears to have *automatically* approved the various conditions *solely* because appellants' neighbors had expressed some "concern" and had requested that those conditions be imposed and appellees had then expressed the same "concern" and had imposed the conditions ostensibly to ameliorate a "possible" negative impact on the surrounding neighborhood. Under *Cross v. Hall County*, supra, and *Warshaw v. City of Atlanta*, supra, I believe this to be erroneous. Pursuant to those decisions, the superior court was required to determine whether there was any evidentiary support for sustaining imposition of the conditions as the authorized exercise of the police power in amelioration of a legitimate concern that rezoning would have a negative impact on the surrounding neighborhood. Since the superior court appears to have failed to make this requisite determination, I would reverse and remand with direction that it now do so.

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 14, 1994.

*Peterson Dillard Young Self & Asselin, Dick Wilson, Jr., J. Stuart Teague, Jr.*, for appellants.

*Patrick F. Henry, Jr., Jonathan A. Weintraub, Joan F. Roach, Joyce M. Averils, Huddleston & Medori, Kathryn M. Zickert*, for appellees.