S96A0875. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH
v. SAVANNAH CIGARETTE & AMUSEMENT SERVICES, INC.
(476 SE2d 581)

HINES, Justice.

We granted the Mayor & Aldermen of the City of Savannah interlocutory review of the denial of the City's motion to dismiss this action claiming inverse condemnation from an unconstitutional taking of property as the result of rezoning.

Savannah Cigarette & Amusement Services, Inc. owned real property in the City of Savannah, and in 1992 leased a building on the property to a tenant planning to operate a neighborhood lounge. In September 1993, the Metropolitan Planning Commission recommended the rezoning of a portion of the City which included Savannah Cigarette's property, and the City adopted the recommendation. The new zoning apparently precluded the tenant's intended use of the property.[1] The company was present at the rezoning hearing and objected to the Commission's proposal. However, it took no further action until it filed the present suit against the City on July 27, 1994, asking that the property be subject to inverse condemnation because the company had sustained uncompensated losses in rental income and in the market value of the property as a result of the zoning change. The City was unsuccessful in moving to dismiss the complaint on the basis that Savannah Cigarette was precluded from seeking judicial relief because it failed to challenge the rezoning within 30 days of the change.[2] We reverse.

---

[1] The zoning ordinance is not a part of the record on appeal.

[2] The record is unclear as to the effective date of the rezoning. However, it is undisputed that the present complaint was filed more than 30 days after the new zoning classification.

There is a basic distinction between police power and that of eminent domain. The police power of the governing authority is properly used to regulate property to prevent its use in a manner detrimental to the public interest while the exercise of eminent domain involves the taking of property because it is needed for public use. *Gradous v. Bd. of Commrs.*, 256 Ga. 469, 470 (349 SE2d 707) (1986). The gravamen of Savannah Cigarette's cause is the claim that the exercise of police power by the rezoning of its property effectively resulted in the taking of the property under the eminent domain concept of inverse condemnation, thereby entitling the company to compensation. Even assuming that inverse condemnation is an available remedy in this type of rezoning case, that does not end the inquiry. See *Alexander v. DeKalb County*, 264 Ga. 362, 364 (1) (444 SE2d 743) (1994),[3] and *Fulton County v. Wallace*, 260 Ga. 358, 360 (393 SE2d 241) (1990). Implicit in Savannah Cigarette's claim is the assertion that the rezoning is unconstitutional as applied. This is so because "[o]nly when the governing authority exceeds the police power in regulating land use for zoning does the governing authority run afoul of the constitutional prohibition against condemnation of land for a public purpose without just compensation." *Wallace* at 360, citing *Gradous,* supra.

Thus, in pursuit of its judicial claim, Savannah Cigarette had to obtain a determination that the new zoning ordinance was unconstitutional as applied to its property. This Court has determined that unless it would be futile to do so, a litigant must first petition the local authorities for relief by rezoning before asking a court of equity to find that a zoning ordinance is unconstitutional as applied to the litigant's property. *Powell v. City of Snellville*, 266 Ga. 315, 316 (467 SE2d 540) (1996); *Village Centers v. DeKalb County*, 248 Ga. 177, 178 (281 SE2d 522) (1981). There is no showing that it would have been futile for Savannah Cigarette to apply to the local zoning authorities for relief prior to filing suit. Compare *Powell,* supra. Moreover, a suit attacking the zoning ordinance as applied to the property involved is untimely when no suit challenging the zoning classification is filed within 30 days of the local authorities' final act on the zoning issue, as was the case here. *Powell,* supra; *Village Centers,* supra.

Although couched in terms of eminent domain, Savannah Cigarette's suit is, in essence, a collateral attack on the rezoning which is untimely and which seeks to circumvent the requirement to exhaust available administrative remedies. As such, it is procedurally barred, and the City's motion to dismiss should have been granted.

---

[3] In *Alexander,* this Court overruled *Wallace* to the extent that it limited the available remedies in a zoning case to criminal contempt or exemption from all zoning laws.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

DECIDED OCTOBER 15, 1996.

Wiseman, Blackburn & Futrell, James B. Blackburn, for appellant.

Hunter, Maclean, Exley & Dunn, Kirby C. Gould, Timothy N. Toler, for appellee.