**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 5, 2013**

# In the Court of Appeals of Georgia

A13A1570, A13A1617. CITY OF TYBEE ISLAND, GEORGIA et al. v. LIVE OAK GROUP, LLC.; and vice versa.

BOGGS, Judge.

In this case, the City of Tybee Island, Georgia ("the City") denied an application filed by Live Oak Group, LLC ("Live Oak") seeking to amend the building standards applicable to Live Oak's real property. Live Oak filed a "Zoning Appeal and Petition for Writ of Mandamus" in superior court against the City asserting state and federal constitutional claims and a claim for inverse condemnation. The parties subsequently filed cross motions for summary judgment, and following the trial court's ruling on the motions, both parties appeal. In Case No. A13A1570, the City appeals from the trial court's denial of its motion for summary judgment, and

the grant of Live Oak's motion, on Live Oak's claim for inverse condemnation.[1] In Case No. A13A1617, Live Oak appeals, seeking to remand this case for a ruling on its federal takings claim in the event this court concludes in Case No. A13A1570 that the trial court erred in its ruling on the inverse condemnation claim. For the following reasons, we reverse in both cases and remand with direction in Case No. A13A1617.

*Case No. A13A1570*

The City appeals from the trial court's denial of its motion for summary judgment, and the grant of summary judgment to Live Oak, on Live Oak's claim for inverse condemnation. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and

---

[1]Live Oak's action here sought a writ of mandamus. While mandamus is an extraordinary remedy that falls within the jurisdiction of the Georgia Supreme Court, see *Stendahl v. Cobb County*, 284 Ga. 525 n. 1 (668 SE2d 723) (2008), the sole issue is whether the trial court erred in its ruling on Live Oak's inverse condemnation claim. For this reason, we conclude that this court has jurisdiction to entertain the appeal.

2

punctuation omitted.) *Woodcraft by MacDonald, Inc. v. Ga. Cas. & Sur. Co.*, 293 Ga. 9, 10 (743 SE2d 373) (2013).

The record reveals that on May 2, 2005, Live Oak purchased certain property on Tybee Island for $250,000. Prior to the purchase, Live Oak was told in writing by a city administrator that the property was zoned "R-1" for a single-family residence,[2] but the property was in fact zoned "PUD" for a planned unit development.[3]

On August 13, 2008, Live Oak filed an application for a "PUD Amendment" seeking to construct a single-family home on the property within the "R-1" building standards. When the City denied the application, Live Oak filed a "Zoning Appeal and Petition for Writ of Mandamus" alleging inverse condemnation, an unconstitutional application of the City's zoning ordinance, a deprivation of rights authorized by 42 U.S.C. § 1983, a substantive due process violation of the federal and

---

[2]We note that the record reveals that during negotiations for the purchase of the property, the parties agreed to a reduced purchase price provided that: "Buyer aware of current zoning ordinances and will close on the transaction without a variance being granted."

[3]"PUD" does not permit the construction of a single-family home as it is defined as "any single-family planned unit development on one acre or more, which in design and construction complements the cultural and historical values of the surrounding area." Live Oak also challenged the designation of the property as PUD. But the trial court ruled that the property was zoned PUD and that Live Oak must therefore seek a PUD amendment. This ruling is not part of the appeal before us.

state constitutions, a taking of property without just compensation in violation of the federal and state constitutions, a denial of equal protection, attorney fees pursuant to 42 U.S.C. 1988, and attorney fees pursuant to OCGA § 9-15-14.

The parties subsequently filed cross-motions for summary judgment on Live Oak's claims. The trial court granted summary judgment in favor of Live Oak on its inverse condemnation claim, but denied summary judgment on its remaining claims after finding that the City's zoning ordinance was not unconstitutionally vague. With the exception of the inverse condemnation claim, the court then granted the City summary judgment on Live Oak's remaining claims. The court explained that it was denying Live Oak's motion for summary judgment on its federal takings claim, and granting the City's motion on the claim, solely because Live Oak "succeeded on its inverse condemnation claim." Both parties now appeal.

*Case No. A13A1570*

The City asserts that the trial court erred in denying it summary judgment, and in granting Live Oak summary judgment, on Live Oak's claim for inverse condemnation. Because the City's denial of Live Oak's application for a "PUD Amendment" did not amount to inverse condemnation, we agree.

4

To state a claim for inverse condemnation, the property owner does not have to show a physical invasion that damages the property, but only an unlawful interference with the owner's right to enjoy the land. Private property owners may be compensated in inverse condemnation actions for the temporary taking of land for the paving of a turn lane, increased noise and odor from a county's sewage plant, and flooding, siltation, and pollution from surface water diverted by roadway maintenance.

(Citations, punctuation and footnotes omitted.) *Columbia County v. Doolittle*, 270 Ga. 490, 491-492 (1) (512 SE2d 236) (1999). Municipalities

can be liable for conditions created on private property only under the constitutional eminent domain provisions against taking or damaging such property for public purposes without just and adequate compensation, which provisions function as a waiver of sovereign immunity . . . and may be liable for damages … if it creates a condition on private property, such as a nuisance, that amounts to inverse condemnation or a taking without compensation. Regardless of how the various claims are denominated, therefore, the plaintiffs may recover if and only if the [trespass or nuisance] amounted to the taking of property without just compensation.

(Citations and punctuation omitted.) *Stanfield v. Glynn County*, 280 Ga. 785, 786 (1) (631 SE2d 374) (2006).

Live Oak's complaint here fails to set forth an inverse condemnation claim. Such a claim is properly set forth where the county or municipality takes "some affirmative action for public purposes causing a nuisance or trespass which, in turn, result[s] in the diminished utility and functionality of a private owner's land. The diminished functionality and utility, in turn, interfere[s] with the owner's use and enjoyment of the land." *Rabun County v. Mountain Creek Estates*, 280 Ga. 855, 857 (1) (632 SE2d 140) (2006). It is only then that a "'taking' for a public purpose occur[s] which support[s] a claim for inverse condemnation." Id. As noted in *Doolittle*, supra, an "inverse condemnation action may be brought against [a] public body for diverting water, impairing access, causing mud and silt to flow onto property and for damaging property by noise, odors, or pollution." Id. at 492 (1) n. 7.

Here, there was simply no affirmative act by the City for a public purpose causing a nuisance or trespass on Live Oak's property resulting in diminished utility and functionality of the property. See *Mountain Creek Estates*, supra; compare, e.g., *Powell v. Ledbetter Bros.*, 251 Ga. 649, 650-651 (2) (307 SE2d 663) (1983) (allegation that the DOT negligently designed and maintained roads that caused repeated flood damage to private property was sufficient to sustain inverse condemnation action), overruled on other grounds, *David Allen Co. v. Benton*, 260

6

Ga. 557, 557-558 (398 SE2d 191) (1990); *Duffield v. DeKalb County*, 242 Ga. 432, 432-435 (1) and (2) (249 SE2d 235) (1978) (noxious odors and noise from county water pollution control plant resulted in inverse condemnation of private property).

While the theory of inverse condemnation arises out of the eminent domain paragraph of the Georgia Constitution, see *Doolittle*, supra, 270 Ga. at 491 (1), it is not synonymous with a claim attacking the constitutionality of an existing zoning ordinance following the denial of an application to rezone (which requires a determination as to whether the plaintiff has suffered an unconstitutional deprivation or "taking"). See *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 470 (349 SE2d 707) (1986) (judicial inquiry into the validity of zoning ordinance is triggered only by plaintiff sustaining unconstitutional deprivation or "taking;" no showing of deprivation to support constitutional challenge to existing zoning); see also *Jervey v. City of Marietta*, 274 Ga. 754, 754-755 (1) and (2) (559 SE2d 457) (2002) (denial of zoning application not unconstitutional taking); *Holy Cross Lutheran Church v. Clayton County*, 257 Ga. 21, 21- 22 (2) (354 SE2d 151) (1987) (same).

Even when a *new* zoning or regulatory event occurs, it provides no basis for an inverse condemnation claim unless it creates a trespass or nuisance resulting in the

diminished utility or functionality of the property. In *Lamar Advertising of South Georgia v. City of Albany*, 260 Ga. 46 (389 SE2d 216) (1990), the city adopted a new sign ordinance requiring new specifications and annual charges. Id. The Georgia Supreme Court declared the ordinance unconstitutional because it resulted in "the destruction of a substantial part" of an existing "lawful enterprise," thereby constituting a "taking" of private property without just compensation. Id. at 46-47 (2) and (3). Thus, the "takings" claim was a constitutional takings claim, and not an inverse condemnation claim as the city's action "created neither a nuisance nor a trespass upon [Lamar Advertising's] property." See *Mountain Creek Estates*, supra, 280 Ga. 857 (1).[4]

The Georgia Supreme Court has questioned whether inverse condemnation is an available remedy in a zoning case, and these decisions support our conclusion here. See *Mayor & Alderman &c.*, 267 Ga. 173, 174 (476 SE2d 581) (1996) (states "[e]ven assuming that inverse condemnation is an available remedy" where a landowner's property is rezoned by the governing authority); *Fulton County v.*

---

[4]We note that the trial court granted the City's motion for summary judgment, and denied Live Oak's motion, on Live Oak's state law takings claim and its "as-applied constitutional challenge," and found that the ordinance was not unconstitutionally vague. Live Oak does not appeal from these rulings.

*Wallace*, 260 Ga. 358 (393 SE2d 241) (1990) (holding that inverse condemnation is not available remedy under facts of case; pretermits question of whether board's failure to rezone to a constitutional classification as interpreted by trial court could ever amount to inverse condemnation under Georgia law); overruled on other grounds, *Alexander v. DeKalb County*, 264 Ga. 362, 363-364 (1) (444 SE2d 743) (1994) (holding that *Wallace*, supra, "rejected inverse condemnation as a remedy in a rezoning case"). Under the facts of this case, we conclude that Live Oak could not sustain a claim for inverse condemnation. The trial court therefore erred in granting summary judgment to Live Oak and denying summary judgment to the City on this ground.

### Case No. A13A1617

The trial court denied Live Oak's federal takings claim because Live Oak "succeeded on its inverse condemnation claim." While Live Oak requests that we remand this case for a ruling on its federal takings claim, the City urges us to rule on the merits of the claim. But we decline to review a claim not ruled upon by the trial court below. See *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002); *Zurich American Ins. Co. v. Heard*, 321 Ga. App. 325, 333 (5) (740 SE2d 429) (2013). Because we have held in Case No. A13A1570 that the trial court erred

9

in its rulings on Live Oak's inverse condemnation claim, we reverse the trial court's rulings with regard to Live Oak's federal takings claim and remand this case for consideration of that claim.

*Judgment reversed in Case No. A13A1570. Judgment reversed in Case No. A13A1617 and case remanded with direction. Doyle, P. J., and McFadden, J., concur.*