# Court of Appeals
# of the State of Georgia

ATLANTA,  September 08, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0097.  LIVE OAK GROUP, LLC v. THE CITY OF TYBEE ISLAND, GEORGIA et al.**

Live Oak Group, LLC sought a planned unit development amendment from the City of Tybee Island, Georgia, and the members of its city council.  After the City denied the amendment, Live Oak filed a "Zoning Appeal and Petition for Writ of Mandamus" in the superior court, which granted summary judgment to Live Oak as to its claim for inverse condemnation and denied summary judgment to the City on the same claim.  The superior court also denied Live Oak's federal takings claim without addressing the merits.  On appeal, this Court held that the superior court erred in granting summary judgment to Live Oak on its inverse condemnation claim and denying summary judgment to the City on that ground.  See *City of Tybee Island  v. Live Oak Group, LLC*, 324 Ga. App. 476 (751 SE2d 123) (2014).  In addition, this Court concluded that the superior court erred in denying Live Oak's federal takings claim and remanded the case for consideration of that claim.  See id.  On remand, the superior court granted summary judgment in favor of the City on Live Oak's takings claim.  Live Oak then filed this direct appeal.  We, however, lack jurisdiction.

All appeals in zoning cases require an application for discretionary appeal.  See OCGA § 5-6-35 (a) (1); *Nelson v. Fulton County*, 262 Ga. App. 382, 382-383 (585 SE2d 710) (2003); see also *Dunlap v. City of Atlanta*, 272 Ga. 523, 523-524 (531 SE2d 702) (2000) (an application for discretionary appeal is required even when a party seeks to attack an administrative decision by way of filing suit in superior court, rather than by seeking an administrative appeal); *O S Advertising Co. of Ga., Inc. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997) ("If the underlying subject-matter

is zoning, an application for discretionary appeal must be filed."). Live Oak's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*_____09/08/2016_____
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*